J-S19014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KASHEYON LEE-CHIMA | : | |
| | : | |
| Appellant | : | No. 3688 EDA 2018 |

Appeal from the Judgment of Sentence Entered November 14, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0012239-2015

BEFORE:  BOWES, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED JULY 13, 2020**

Kasheyon Lee-Chima appeals from his November 14, 2018 judgment of sentence entered after he entered a plea of *nolo contendere* to the charges of involuntary deviate sexual intercourse with a child ("IDSI"), unlawful contact with a minor, and indecent assault of a person less than 13 years of age. Appellant's counsel, Matthew Sullivan, Esquire, has filed a petition to withdraw pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  We affirm Appellant's judgment of sentence, and we grant counsel's petition to withdraw.

Appellant was charged in connection with allegations that he had sexually assaulted a minor (the "victim") while temporarily living with the victim's family in Philadelphia, Pennsylvania.  The victim disclosed the abuse to his mother several days after it occurred, stating that Appellant had assaulted him by touching the victim's penis, putting the victim's penis in his

mouth, and forcing the victim to touch his penis. *See* N.T. Plea Colloquy, 11/14/18, at 14-16. Appellant later turned himself in to the police, waived his *Miranda*[1] rights, and confessed to the above-referenced acts.[2] *Id*. at 16. Ultimately, Appellant entered a negotiated plea of *nolo contendere* to the above-referenced crimes after participating in a plea colloquy before the trial court. In exchange for his plea, the Commonwealth recommended that Appellant receive an aggregate sentence of five and one-half to twelve years of imprisonment, followed by ten years of probation. *See* N.T. Sentencing, 11/14/18, at 6-7.

At this point, Appellant was still represented by trial counsel. Nonetheless, Appellant chose to file a timely, *pro se* notice of appeal.[3] Thereafter, the trial court appointed new appellate counsel[4] to represent Appellant. The trial court directed Appellant to file a concise statement of

---

[1] *See Miranda v. Arizona*, 384 U.S. 436 (1966).

[2] Appellant sought to suppress the inculpatory statements he made to law enforcement on the grounds that Appellant had decided to turn himself in after consulting with a pastor, and no video evidence of Appellant's waiver of his *Miranda* rights was created by police. *See* N.T. Suppression Hearing, 6/8/18, at 44-52. The trial court denied Appellant's motion. *Id*. at 54-58.

[3] Ordinarily, such a *pro se* filing would have no legal effect because Appellant was still represented by counsel when he filed this notice. However, notices of appeal are an exception to the ordinary rules forbidding hybrid representation. *See* Pa.R.A.P. 121(g)(i); *see also S.C.B. v. J.S.B.*, 218 A.3d 905, 911 n.4 (Pa.Super. 2019). Thus, Appellant's notice of appeal was proper.

[4] Trial counsel withdrew his representation shortly after Appellant initiated this appeal, averring that Appellant had neither informed him of his intent to file the instant appeal, nor retained him to assist in the appeal.

errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In response, appellate counsel filed a statement under Rule 1925(c)(4), stating his intention to seek withdrawal from the case pursuant to the *Anders*/*Santiago* framework. Thereafter, appellate counsel filed an *Anders* brief along with a petition to withdraw. In relevant part, appellate counsel averred that Appellant had no cognizable or meritorious claims relating to the trial court's jurisdiction, his plea, or his sentence.

Appellant filed an application seeking the appointment of new counsel, which this Court denied. However, we provided Appellant a thirty-day window in which to submit a response to appellate counsel's *Anders* brief "either *pro se*, or via privately retained counsel." Order, 8/14/19. Appellant sought numerous extensions and ancillary relief related to this response, serially alleging that appellate counsel had not provided him with certain documentation and transcripts related to his case.[5] Eventually, Appellant filed a *pro se* response to appellate counsel's *Anders* brief, claiming that various meritorious issues allegedly remain in his case.

Before we address the merits of this appeal, we must determine whether counsel has complied with the procedures provided in *Anders* and its progeny. *Commonwealth v. Yorgey*, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*). "Counsel who wishes to withdraw must file a petition to withdraw

---

[5] On November 13, 2019, appellate counsel filed a response with this Court denying that he had withheld any materials from Appellant, and averring that he had provided him with all of the relevant materials in his possession. *See* Response, 11/13/19, at ¶¶ 1-5.

stating that he or she has made a conscientious examination of the record and determined that the appeal would be frivolous." ***Id***. "Also, counsel must provide a copy of the ***Anders*** brief to the appellant and inform him of his right to proceed *pro se* or retain different counsel." ***Id***. at 1195-96.

At a minimum, the ***Anders*** brief must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. ***Id***. at 1196. Overall, the brief "should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous." ***Id***.

At the outset, we note that as a result of Appellant's *nolo contendere* plea, his available appellate claims are curtailed under Pennsylvania law. ***See Commonwealth v. Jabbie***, 200 A.3d 500, 505 (Pa.Super. 2018). In relevant part, such a plea "waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed." ***Id***.

Counsel has offered a thorough and cogent discussion of the history of Appellant's case and the legal arguments in support of the conclusion that Appellant has no claims of arguable merit. ***See Anders*** brief at 1-18. Counsel's discussion clearly recognizes the legal consequences of Appellant's *nolo contendere* plea, and enumerates the lack of arguable merit in any of the

available arguments, to wit: (1) Appellant did not file any post-sentence motions or petitions seeking to withdraw his guilty plea, and has waived any claims challenging the validity of his plea; and (2) Appellant's sentence appears to be legal. *Id*. Finally, there are no obvious jurisdictional defects.

Based on the foregoing analysis, we conclude that counsel has complied with the requirements of *Anders*. Counsel has filed both a petition to withdraw and a substantively compliant *Anders* brief. Counsel has also provided a copy of his brief to Appellant, and advised Appellant of his right to proceed either *pro se* or with a privately retained attorney. Thus, we find that appellate counsel has technically complied with the requirements of *Anders*.

However, our review does not end there. Having determined that appellate counsel is in technical compliance with *Anders*, we also must conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." *Yorgey*, *supra* at 1196 (citing *Anders*, *supra* at 744). This independent examination of Appellant's case "requires us only to conduct a review of the record to ascertain if on its face, there are non-frivolous issues that counsel, intentionally or not, missed or misstated." *Id*. at 1197.

Reviewing Appellant's *pro se* response to counsel's *Anders* brief, we discern that the only issues he raises that are not foreclosed by the legal effect of his *nolo contendere* plea relate to the validity of his underlying plea. *See* Appellant's *Anders* Response, 5/22/20, at 6-16. Contrary to Appellant's averments, "a plea of *nolo contendere* is treated as a guilty plea in terms of its effect upon a given case." *Commonwealth v. V.G.*, 9 A.3d 222, 226

- 5 -

(Pa.Super. 2010). Thus, in order to preserve challenges to the validity of a plea, a defendant must object at the colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion. *See Commonwealth v. Tareila*, 895 A.2d 1266, 1270 n.3 (Pa.Super. 2006) (citing Pa.R.A.P. 302(a)). "Where an appellant fails to challenge his guilty plea in the trial court, he may not do so on appeal." *Id*.

Instantly, Appellant did not object at his colloquy or during his sentencing hearing. Moreover, he did not file any post-sentence motions.[6] Thus, Appellant has waived any arguable challenge to the validity of his *nolo contendere* plea. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Based on the foregoing discussion, we find that Appellant's claims challenging the validity of his *nolo contendere* plea lack merit. Furthermore, after conducting a thorough examination of the certified record, we discern no non-frivolous issues to be raised in Appellant's case. Consequently, we grant counsel's petition to withdraw, and we affirm Appellant's judgment of sentence.

---

[6] Belying the certified record, Appellant claims that he did, in fact, file a petition to withdraw and has attached an alleged copy of the filing to his *pro se* response. *See* Appellant's *Anders* Response, 5/22/20, at Exhibit 1. However, this document does not appear on the trial court docket, bears no indicia of having ever been filed, and is *de hors* the certified record. As such, we will not consider it. *Accord* Pa.R.A.P. 1921; *see also Commonwealth v. Young*, 317 A.2d 258, 264 (Pa. 1974) (holding that an appellate court may consider only the facts which have been duly certified in the record on appeal).

Petition of Matthew Sullivan, Esquire, to withdraw as counsel granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/13/20