J-S20027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANK GRAZULIS | |
| Appellant | No. 3050 EDA 2019 |

Appeal from the Judgment of Sentence entered June 3, 2019
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-1054051-1990

BEFORE:  SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                    **FILED JULY 29, 2020**

Appellant, Frank Grazulis, appeals from the judgment of sentence imposed upon resentencing in the Court of Common Pleas of Philadelphia County on June 3, 2019.  Appellant contends the resentencing court erred in imposing a sentence of 28½ years to life in prison and in denying his post-sentence motion to withdraw his guilty plea.[1]  Following review, we affirm.

As the resentencing court explained:

[O]n December 4, 1991, [A]ppellant entered a negotiated guilty plea to first degree murder, criminal conspiracy, and two counts of aggravated assault and simple assault before the [plea judge] in exchange for which the parties agreed to recommend that an aggregate sentence of life imprisonment without the possibility of parole [(LWOP)] be imposed on Appellant.  [The sentencing judge]

_____

[1] As of the time of the resentencing hearing, Appellant had spent approximately 28½ years in custody.  **See** Notes of Testimony, Resentencing Hearing, 6/3/19, at 8.

accepted the recommendation and sentenced [A]ppellant to the statutory mandatory term of [LWOP] for the first-degree murder conviction and a concurrent, aggregate term of 10 to 20 years in prison for the remaining convictions. Appellant, who was sixteen and one-half years' old when he committed the crimes herein, filed a direct appeal from the judgment of sentence and the Superior Court affirmed the judgment of sentence. He then filed a petition for allowance of appeal that was thereafter denied.

Resentencing Court Opinion, 10/30/19, at 1-2 (footnote omitted).

Appellant subsequently filed a number of petitions for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. On January 4, 2017, the PCRA court denied Appellant's claims challenging the guilt phase of his trial but granted Appellant's request for a new sentencing hearing pursuant to **Miller v. Alabama**, 567 U.S. 460 (2012),[2] and **Montgomery v. Louisiana**, 136 S.Ct. 718 (2016).[3] The court stayed the new sentencing hearing pending final disposition of Appellant's guilt-phase relief.

---

[2] In **Miller**, the United States Supreme Court held that a mandatory sentence of LWOP for individuals who were under the age of 18 at the time of the offense violates the prohibition against cruel and unusual punishment in the Eighth Amendment of the United States Constitution. **Miller**, 567 U.S. at 479-80. Again, Appellant was 16½ years old at the time of the events at issue here.

[3] In **Montgomery**, the United States Supreme Court held that **Miller**'s prohibition against mandatory LWOP sentences for juvenile offenders was a substantive rule that is retroactive in state cases on collateral review. **Id.**, 136 S.Ct. at 736.

After Appellant's guilt-phase challenges were resolved,[4] Appellant filed a counseled PCRA petition on October 19, 2018, contending sentences of LWOP imposed upon juveniles are unconstitutional under **Miller** and that the resentencing court lacked jurisdiction to impose sentence. He also claimed his guilty pleas were unlawfully induced and that he was innocent. **See** PCRA Petition, 10/19/18, at ¶¶ 10-16. The petition was followed by a motion on November 14, 2018, withdrawing his October 19, 2018 claims that the guilty pleas were unlawfully induced and that he is actually innocent. **See** Motion for Leave to Withdraw [Claims], 11/14/18, at 1-3.

As reflected above, Appellant was resentenced on June 3, 2019. Appellant filed a post-sentence motion alleging his sentence was illegal, that his guilty plea was unlawfully induced, and that he was actually innocent. Shortly before that motion was denied on October 15, 2019 by operation of law, Appellant filed a notice of appeal to this Court.[5] On October 30, 2019, the resentencing court issued an opinion pursuant to Pa.R.A.P. 1925(a).[6]

---

[4] **See Commonwealth v. Grazulis**, No. 577 EDA 2017 (Pa. Super. filed August 31, 2018).

[5] Pa.R.A.P. 905(a)(5) provides that "[a] notice of appeal filed after the announcement of a determination but before the entry of an appealable order shall be treated as filed after such entry and on the day thereof." Therefore, we consider the instant appeal to be timely filed on October 15, 2019.

[6] Although Appellant's Table of Contents lists a Statement of Matters Complained of on Appeal (**See** Appellant's Brief at iii), one is not included with

Appellant presents two issues for our consideration:

I.     The lower court erred in resentencing [Appellant] to a term of 28½ years to life imprisonment under a statute that provided for only a sentence of life imprisonment and that was improperly cured of its **Miller** and **Montgomery** defect.

II.    The resentencing court erred by denying [Appellant's] post-sentence motion to withdraw his plea of guilty entered on December 4, 1991 in that it was not knowingly, voluntarily and intelligently entered according to standards set forth for juveniles in **Roper v. Simmons**, 543 U.S. 551 (2005) and **Miller v. Alabama**, 132 S.Ct. 2455 (2012).

Appellant's Brief at ii-iii.[7]

In his first issue, Appellant challenges the legality of his sentence. Therefore, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Lekka**, 210 A.3d 343, 355 (Pa. Super. 2019) (citation omitted).

Appellant raises two sub-issues with regard to legality of sentence. He contends that his sentence is illegal because the sentencing statute, 18 Pa.C.S.A. § 1102(a), provides for "life imprisonment," not a sentence with a minimum or maximum, and that his sentence exceeds the maximum sentence of twenty years he asserts would comply with **Miller** and

_____

the brief. From our review of the record, it does not appear the resentencing court ordered Appellant to file a Rule 1925(b) statement.

[7] We remind Appellant's counsel that the Table of Citations should include page number references for every time a case or statutory provision is cited in a brief, not just the first time it is cited.

- 4 -

*Montgomery*, as if he committed a felony other than murder. Appellant is not entitled to relief.

In *Commonwealth v. Batts*, 66 A.3d 286 (Pa. 2013) ("*Batts I*"), our Supreme Court addressed the sentencing of individuals, such as Appellant, who were sentenced to LWOP prior to *Miller.* The Court announced its determination "that they are subject to a mandatory maximum sentence of life imprisonment as required by Section 1102(a), accompanied by a minimum sentence determined by the common pleas court upon resentencing." *Id.* at 297. Subsequently, in *Commonwealth v. Batts*, 163 A.3d 410 (Pa. 2017) ("*Batts II*"), the High Court explained that the sentencing scheme announced in *Batts I* operated to "strik[e] the prohibition against paroling an individual sentenced to serve life in prison in [61 Pa.C.S.A.] section 6137(a)(1) as applied to those offenders." *Id.* at 420-21.

Recognizing that the Legislature has not adopted provisions of 18 Pa.C.S.A. § 1102(a) that apply to juveniles who committed a murder prior to the *Miller* decision in 2012, the Court considered the statutory provisions relating to minimum sentences and parole and announced:

> In determining the minimum sentence for a juvenile convicted of first-degree murder prior to *Miller*, a sentencing court is to exercise its discretion to find the appropriate, individualized sentence in each case, just as it would when fashioning the minimum sentence for any other defendant before it. *See Commonwealth v. Gordon*, 596 Pa. 231, 942 A.2d 174, 182 (2007) ("Pennsylvania judges retain broad discretion to sentence up to and including the maximum sentence authorized by statute; the only line that a sentence may not cross is the statutory maximum sentence."); *Commonwealth v. Walls*, 592 Pa. 557,

926 A.2d 957, 966–67 (2007) (stating that sentencing in Pennsylvania is individualized, requiring the sentencing court to consider certain factors and to provide an explanation of its reasoning prior to imposing a given sentence).

**Batts II**, 163 A.3d at 443 (footnote omitted). Further,

For some of the juvenile first-degree murder cases, the only appreciable difference between offenders will be the date of conviction. Therefore, to promote uniformity in sentencing in pre- and post-**Miller** cases, when determining the appropriate minimum term of incarceration for pre-**Miller** offenders being sentenced to life with the possibility of parole, sentencing courts should be guided by the minimum sentences contained in section 1102.1(a) of twenty-five years for a first-degree murder committed when the defendant was less than fifteen years old and thirty-five years for a first-degree murder committed when the defendant was between the ages of fifteen and eighteen. 18 Pa.C.S.A. § 1102.1(a).

**Id.** at 458 (footnote omitted).

In **Commonwealth v. Lehman**, 201 A.3d 1279 (Pa. Super. 2019), *appeal granted on other grounds*, 215 A.3d 967 (Pa. 2019), the appellant presented a legality of sentence challenge similar to Appellant's when he was resentenced, post-**Miller** and post-**Montgomery**, to thirty years to life for a murder committed in 1988 when he was fourteen years old. As this Court explained:

According to Appellant, there was no statutory authority by which the trial court could sentence Appellant for first-degree murder because 18 Pa.C.S.A. § 1102, when combined with 61 Pa.C.S.A. § 6137(a)(3), was deemed unconstitutional in **Miller**. Appellant argues that the trial court was required to (1) sentence him for third-degree murder, a crime he was not convicted of committing, or (2) discharge him. . . .

Our Supreme Court and this Court have rejected Appellant's argument on numerous occasions. **E.g. Commonwealth v.**

> **Batts**, 640 Pa. 401, 163 A.3d 410, 421 (2017); **Commonwealth v. Olds**, 192 A.3d 1188, 1193 (Pa. Super. 2018); **Commonwealth v. Foust**, 180 A.3d 416, 430 (Pa. Super. 2018); **Commonwealth v. Seskey**, 170 A.3d 1105, 1106 (Pa. Super. 2017). Pursuant to these binding decisions, the trial court was required to impose a sentence for first-degree murder. The sentencing options available to the trial court offered no mandatory minimum and a mandatory maximum term of life imprisonment. The trial court imposed such a sentence. Hence, Appellant's sentence of 30 years to life imprisonment was legal.

**Id.** at 1282-83 (footnote omitted).

Recognizing the binding precedent set forth above, it is clear that Appellant's claims of an illegal sentence must fail. The sentence of 28½ years to life in prison is a legal sentence. Appellant's first issue lacks merit.

In his second issue, Appellant argues the resentencing court erred by denying his post-sentence request to withdraw his guilty plea because it was not knowingly, voluntarily, or intelligently entered. As this Court noted in **Commonwealth v. Jabbie**, 200 A.3d 500 (Pa. Super. 2018):

> This Court reviews the denial of a post-sentence motion to withdraw a guilty plea by the following standard.
>
> > It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice.

*Id.* at 505 (quoting *Commonwealth v. Hart*, 174 A.3d 600, 664-65 (Pa. Super. 2017) (internal citations and quotation marks omitted)).

The resentencing court properly rejected Appellant's claim. As noted above, Appellant sought to withdraw his guilty plea, post-sentence, in a counseled PCRA petition filed on October 19, 2018. On November 14, 2018, he withdrew the claim that his guilty pleas were unlawfully induced and that he is actually innocent. *See* Resentencing Court Opinion, 10/30/19, at 5; *see also* Motion for Leave to Withdraw [Claims], 11/14/18, at 1-3. Therefore, he cannot assert that claim in this appeal. Pa.R.A.P. 302(a). As the Commonwealth contends, Appellant's resentencing was limited to correcting his sentence. Commonwealth Brief at 6 (citing PCRA Court Order, 1/14/17). Appellant "cannot now, following remand for the limited purpose of correcting an illegal sentence, litigate claims that fall outside the scope of the remand." *Id.* (quoting *Commonwealth v. Cook*, 175 A.3d 345, 350 (Pa. Super. 2017)). The resentencing court did not abuse its discretion in rejecting this claim.

Even absent withdrawal of the claim, it is time-barred. *Id.* at 5. As the resentencing court recognized, when Appellant attempted to withdraw his guilty plea in his October 2018 PCRA petition, he did not assert any exception to the PCRA's time bar. Therefore, the PCRA court—as well as the resentencing court and this Court—lacked jurisdiction to consider Appellant's

late-filed claim relating to his 1991 guilty plea and conviction. **See** 42 Pa.C.S.A. § 9545(b).

Appellant is not entitled to relief based on either issue presented to this Court. Therefore, we shall affirm the judgment of sentence.

Judgment of sentence affirmed.


*Judgment Entered.*

_____
*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: *7/29/2020*