J-A22039-18, J-A22040-18

2018 PA Super 330

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DAUDA SANUSIE JABBIE | : | |
| Appellant | : | No. 4025 EDA 2017 |

Appeal from the Judgment of Sentence November 14, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003728-2016

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| v. | : | |
| DAUDA SANUSIE JABBIE | : | |
| Appellant | : | No. 4026 EDA 2017 |

Appeal from the Judgment of Sentence November 14, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0005497-2016

BEFORE:   BENDER, P.J.E., NICHOLS, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:                    **FILED DECEMBER 05, 2018**

Appellant, Dauda Sausie Jabbie, appeals from the judgments of sentence entered in the Court of Common Pleas of Delaware County after he entered counseled pleas of *nolo contendere* to one count of criminal trespass in docketed case 5497 of 2016 and to one count each of access device fraud and theft of lost property in docketed case 3728 of 2016.  Appellant contends his pleas were not knowingly, intelligently, and voluntarily made.  We affirm.

_____

\* Former Justice specially assigned to the Superior Court.

On May 31, 2016, the Haverford Township Police arrested Appellant and charged him with two counts of forgery, eleven counts of access device fraud, eleven counts of identity theft, and one count of theft of property. Represented by counsel, Appellant waived his preliminary hearing on all charges except the two counts of forgery, which the Commonwealth had withdrawn.

On January 5, 2017, Appellant underwent a Psychological and Competency Evaluation by a neuropsychologist, who determined him to be incompetent and in need of both psychiatric medication and inpatient stabilization. Defendant's Motion Seeking Competency Determination, 1/23/17. Specifically, the written evaluation stated Appellant "had sufficient cognitive capacity to proceed to trial but lacked psychological stability. His current depressed state with complete lack of motivation would impact both his ability to communicate with counsel and his rational understanding of the trial process." Psychological and Competency Evaluation, 1/20/17, at 3.

In this regard, it was the neuropsychologist's opinion that Appellant did not present as an individual afflicted with mental illness akin to schizophrenia, as was suggested by Appellant's father. Instead, because Appellant "was capable of rationale responses, understanding evaluator's requests, and did not show the physical disorganization . . . or delusions/hallucinations typically associated with a psychotic episode[,] his presentation was more consistent with an individual who was depressed and lacking any motivation to improve his overall situation." *Id.* at 2.

- 2 -

By order dated February 7, 2017, based in large part on the Evaluation's recommendation and conclusion, the trial court deemed Appellant incompetent to stand trial. Appellant came under the care of a psychiatrist at Mercy Philadelphia Hospital and was referred to The Consortium, Inc., which is a counseling and therapy organization located in Philadelphia. N.T., 2/21/17 at 3. His treatments also included taking medication. *Id.* The court subsequently ordered that Appellant's caregivers were to provide weekly updates to the Commonwealth and the court regarding the restoration of Appellant's competency. N.T. 4/25/17, at 3-4.

On August 7, 2017, Appellant underwent an "Updated Competency Assessment" by Jerry M. Lazaroff, Ph.D. of the Delaware County Court of Common Pleas' Department of Diagnostic Services. Despite Appellant's mental health difficulties, which included extreme depression, anxiety, and a diagnosis of Schizoaffective disorder requiring medication, Dr. Lazaroff deemed Appellant competent to stand trial.

According to Dr. Lazaroff, Appellant "was able to provide details about his offenses and understands why he was arrested. He expressed dismay and remorse concerning his actions." *Id.* at 3. It was also Dr. Lazaroff's opinion that Appellant should be able to control himself in the courtroom and is capable of assisting with his defense. *Id.*

Dr. Lazaroff recommended that Appellant's attorney "spend extra time with him to ensure that he understands all of his options when he appears in Court." *Id.* at 4. Appellant should, however, "continue to receive outpatient

mental health services at The Consortium and remain on his medication," Dr. Lazaroff opined. *Id.*

On October 31, 2017, the court conducted a status hearing, at which defense counsel indicated he was negotiating a plea bargain with the Commonwealth. N.T. 10/31/17 at 4. The Commonwealth confirmed it had offered Appellant a plea deal, but it clarified the offer was firm and not subject to change. Defense counsel requested time to confer with Appellant regarding the Commonwealth's offer, and the court agreed to schedule a follow-up hearing for the next week. *Id.* at 5.

At the next hearing, which took place on November 8, 2017, Defense Counsel's associate made an appearance in Defense Counsel's stead and advised the court that Defense Counsel had filed a motion to withdraw from representation. Specifically, Defense Counsel's motion claimed Appellant and he had reached an "impasse," manifested by Appellant's unwillingness to help prepare his defense by showing for scheduled meetings.

Concerned that Appellant's failure to work on his defense suggested an increased risk of flight, particularly given Appellant's lack of United States citizenship, the court revoked Appellant's bail. The court explained that detaining Appellant would facilitate a meeting between Defense Counsel and Appellant and perhaps prevent Defense Counsel from withdrawing. N.T. 11/8/17, at 3-5. The court scheduled a hearing for the next week to assess the status of Appellant's representation. *Id.* at 4-5.

On November 14, 2017, Defense Counsel appeared with Appellant and informed the court that Appellant and he had a productive meeting at the prison, resolved their conflicts, and agreed Appellant was prepared to enter his pleas of *nolo contendere*. N.T. 11/14/17, at 3-4. Appellant's father, who was present at the hearing, also agreed with Appellant's decision to plead *nolo contendere*. ***Id.*** at 3.

The Commonwealth advised the court that in light of Appellant's plea it amended count one of the criminal information in docketed case 5497 of 2016 to reflect criminal trespass, graded as a third-degree felony. ***Id.*** at 5. As part of the plea bargain, it recommended a sentence of time served to 23 months' incarceration, to be followed by three years' probation. ***Id.*** at 6. For count two, third-degree felony access device fraud, the Commonwealth recommended three years' probation. ***Id.*** at 7.

For docketed case 3728 of 2016, the Commonwealth recommended a sentence of seven years' county probation on count three, access device fraud. For count five, theft of lost property, a misdemeanor of the third degree, the recommended sentence was one year's probation consecutive to count three. The aggregate sentence of four years' probation under docketed case 3728 was to run concurrently to the sentence imposed under docketed case 5497, the Commonwealth recommended. ***Id.*** at 10-11.

The court conducted a full colloquy, in which Appellant confirmed he was a 25 year-old native of Sierra Leone, graduated high school, and has lived in

the United States for five years.  *Id.* at 11.  Appellant verified he can read, write, and understand the English language.  *Id.*

Appellant agreed he was receiving mental health treatment and taking medication for his mental condition at the time of his pleas.  *Id.* at 11-12. Appellant denied, however, that the medication adversely affected his ability to understand the sentencing proceedings taking place, and he confirmed he understood what he was doing.  *Id.* at 12.

Appellant also acknowledged Defense Counsel had petitioned to withdraw representation, but he assured the court they had resolved their differences and he was satisfied with Defense Counsel's representation throughout proceedings, including on the day of the plea.  He acknowledged he discussed options with Defense Counsel, with his own parents, and with an immigration attorney, and he understood the nature and consequences of his pleas.  *Id.* at 13-14.  Finally, Appellant's post-sentence and appellate rights were explained to, and acknowledged by, Appellant.  *Id.* at 15-18.

The Court accepted the negotiated plea terms, and imposed sentences of time served to 23 months' incarceration in the first case and an aggregate eight years' probation in the second case, to run concurrently.  Appellant did not object to any aspect of his pleas or his sentences, nor did he file a no post-sentence motion challenging either.

Through new counsel, Appellant filed a timely notice of appeal. However, new counsel filed a belated court-ordered Pa.R.A.P. 1925(b)

Statement. The trial court opines 1925 waiver should apply, but it also addresses the merits of Appellant's issues in the alternative.

Appellant presents the following questions for our consideration:

I.    [IS] THE APPELLANT [] ENTITLED TO WITHDRAW HIS GUILTY PLEA BECAUSE HE DID NOT ENTER IT KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY[?]

II.   [MAY] THE VALIDITY OF THE GUILTY PLEA [ ] BE RAISED ON APPEAL WHERE FORMER COUNSEL WITHDREW DUE TO AN IMPASSE AND STATUTORY TIME LIMIT ON PLEA WITHDRAWAL HAD PASSED[?]

III.  [WAS] THE STATEMENT OF MATTERS COMPLAINED OF ON APPEAL PURSUANT TO Pa.R.A.P. § 1925(b) [] TIMELY FILED?

Appellant's brief, at 2.

Before addressing Appellant's substantive issues, we address his third issue concerning his failure to file a court-ordered Pa.R.A.P. 1925(b) statement in a timely manner. In a criminal matter, Rule 1925(c)(3) requires remand for the filing of a 1925(b) statement and corresponding 1925(a) opinion where counsel has completely failed to file a court-ordered 1925(b) statement. *See Commonwealth v. Burton*, 973 A.2d 428 (Pa.Super. 2009) (recognizing counsel's failure to file 1925 statement on behalf of criminal defendant, resulting in waiver of all claims asserted on direct appeal, represents actual or constructive denial of assistance of counsel for which prejudice is legally presumed) (citing *Commonwealth v. Hailey*, 870 A.2d 795, 800 (Pa. 2005)).

Where, instead, counsel has filed an untimely Rule 1925(b) statement, our procedure is to remand to allow for preparation of a responsive trial court opinion. **Burton**, 973 A.2d at 432. Where, however, the trial court has already filed an opinion addressing the issues presented in the belated Rule 1925(b) statement, we may readily consider the merits of the issues, thus obviating the need for remand. **Id**. at 433.

Here, although the trial court's Rule 1925(a) opinion recommends we invoke Rule 1925 waiver for Appellant's untimely filing, it nevertheless addresses the merits of Appellant's claims in the alternative. Therefore, because we have a responsive Rule 1925(a) opinion at our present disposal, we may consider the merits of the issues raised on appeal.

In Appellant's first issue, he challenges the validity of his *nolo contendere* pleas. Specifically, he alleges that his six-day detention without medication rendered him incapable of entering knowing, voluntary, and intelligent pleas.

At the outset, we note that "in terms of its effect upon a case, a plea of *nolo contendere* is treated the same as a guilty plea." **Commonwealth v. V.G.**, 9 A.3d 222, 226 (Pa.Super. 2010) (citation omitted). Generally, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and

what has been termed the 'legality' of the sentence imposed[.]"

***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014).[1]

This Court reviews the denial of a post-sentence motion to withdraw a guilty plea by the following standard.

> It is well-settled that the decision whether to permit a defendant to withdraw a guilty plea is within the sound discretion of the trial court. Although no absolute right to withdraw a guilty plea exists in Pennsylvania, the standard applied differs depending on whether the defendant seeks to withdraw the plea before or after sentencing. When a defendant seeks to withdraw a plea after sentencing, he must demonstrate prejudice on the order of manifest injustice. [A] defendant may withdraw his guilty plea after sentencing only where necessary to correct manifest injustice.
>
> ***
>
> Manifest injustice occurs when the plea is not tendered knowingly, intelligently, voluntarily, and understandingly. In determining whether a plea is valid, the court must examine the totality of circumstances surrounding the plea. Pennsylvania law presumes a defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise.

***Commonwealth v. Hart***, 174 A.3d 660, 664–65 (Pa. Super. 2017) (internal citations and quotation marks omitted). *Inter alia*, the law imposes a stricter

---

[1] Though not included in Appellant's Statement of Questions presented, Appellant begins the Argument section of his brief positing that the revocation of bail six days prior to accepting Appellant's counseled plea of *nolo contendere* violated Pa.R.Crim.P. 526, Conditions of Bail Bond. Because such a claim does not implicate the jurisdiction of the court, the validity of the plea, or the legality of the sentence imposed, it is beyond our scope of review. Moreover, to the extent Appellant also attempts to connect the revocation of bail with the validity of his subsequent plea, the record suggests otherwise, as all interested parties agreed that Appellant's meeting with counsel during his detainment was fruitful and facilitated a knowing, intelligent, and voluntary plea. ***See*** *infra*.

standard for post-sentence withdrawal motions in order to balance "the tension ... between the individual's fundamental right to a trial and the need for finality in the proceedings." *Commonwealth v. Gunter*, 771 A.2d 767 (Pa. 2001); *Commonwealth v. Hvizda*, 116 A.3d 1103, 1106 (Pa. 2015).

Additionally, "a defendant is bound by the statements which he makes during his plea colloquy." *Commonwealth v. Barnes*, 687 A.2d 1163, 1167 (Pa. 1997) (citations omitted). Therefore, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty," and he may not recant the representations he made in court when he entered his guilty plea. *Id.* (citation omitted). Moreover, the law does not require that a defendant be pleased with the outcome of his decision to plead guilty. The law requires only that a defendant's decision to plead guilty be made knowingly, voluntarily, and intelligently. *See Commonwealth v. Moser*, 921 A.2d 526, 528–529 (Pa.Super. 2007).

Initially, we note that Appellant failed to raise his challenge first with the trial court, either on the record or in a post-sentence motion. Generally, "[i]ssues not raised in the [trial] court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a); *see also Commonwealth v. Miller*, 80 A.3d 806, 811 (Pa. Super. 2013) (stating that "[b]y requiring that an issue be considered waived if raised for the first time on appeal, our [appellate C]ourts ensure that the trial court that initially hears a dispute has had an opportunity to consider the issue.") (citation omitted). "[A] request to withdraw a guilty plea on the grounds that it was involuntary is one of the

claims that must be raised by motion in the trial court in order to be reviewed on direct appeal." **Commonwealth v. Rush**, 959 A.2d 945, 949 (Pa. Super. 2008). Nevertheless, regardless of Appellant's apparent waiver, we discern that his claim fails on its merits.[2]

This Court has established six topics that must be covered by a valid plea colloquy: "1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence." **Commonwealth v. Morrison**, 878 A.2d 102, 107 (Pa. Super. 2005); **see also** Pa.R.Crim.P. 590, cmt. Here, our review discloses that Appellant completed extensive *nolo contendere* plea colloquies, both written and oral, covering all necessary topics for a valid plea colloquy. **See** Written Guilty Plea/*Nolo Contendere* Statement, C.R. #34; Oral Colloquy, 11/14/17, at 11-18.

While represented by counsel, Appellant clearly stated that he entered into the plea agreement knowingly and voluntarily, and the trial court confirmed as much at the conclusion of the oral plea colloquy. **See** Written Statement, at 4; N.T., 11/14/17 at 13-14. Notably, in this regard, Appellant

---

[2] In the alternative to finding waiver, we engage in merits review. Therefore, we need not address Appellant's second issue, where he argues baldly that he could not meet the ten-day period for filing post-sentence motions because present counsel first entered his appearance after such time. As discussed *infra*, Appellant's challenge to the validity of his plea is devoid of merit.

asserted he was taking his necessary medication and understood both the questions asked of him and the nature and consequences of his pleas.  N.T., 11/14/17, at 11-12.[3]

_____

[3] The following excerpt from Appellant's oral colloquy, where he addresses the issue of his medication usage and its effects, if any, on his ability to understand, demonstrates Appellant's lucidity during the proceeding.

> **DEFENSE COUNSEL:** Okay, and you are in mental health treatment now, isn't that correct?
>
> **APPELLANT:** Yes, sir.
>
> **DEFENSE COUNSEL:** Prior to being incarcerated last week were you taking any medication?
>
> **APPELLANT:** Yes.
>
> **DEFENSE COUNSEL:** What kind of medication were you taking?
>
> **THE COURT:** I'm sorry, what?
>
> **DEFENSE COUNSEL:** Before he was incarcerated last week, Judge, he was taking medication?
>
> **THE COURT:** And what was it?
>
> **DEFENSE COUNSEL:** What was the medication?
>
> **APPELLANT:** (inaudible) and respidol [ph.]
>
> **DEFENSE COUNSEL:** But you are not on medication now?
>
> **APPELLANT:** I am still on medication.
>
> **DEFENSE COUNSEL:** You are, okay.  And is that medication affecting your ability to understand what you are doing today?
>
> **APPELLANT:** No.

Based on Appellant's rational and unequivocal answers to questions put to him in two comprehensive colloquies, we discern no merit to his appellate challenge alleging that he was incapable of entering a valid plea because of lack of access to his medication. Accordingly, Appellant's challenge affords him no relief.

Judgments of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/18

---

**DEFENSE COUNSEL:** You understand what is going on?

**APPELLANT:** Yes, sir.

N.T. 11/14/17, at 11-12.