J-S77015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL A. RAMOS | : | |
| | : | |
| Appellant | : | No. 1777 EDA 2018 |

Appeal from the PCRA Order Entered May 31, 2018
In the Court of Common Pleas of Montgomery County
Criminal Division at No(s):  CP-46-CR-0005015-2015

BEFORE:   OTT, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY OTT, J.:                            **FILED APRIL 23, 2019**

Michael A. Ramos appeals from the order entered on May 31, 2018, in the Court of Common Pleas of Montgomery County, denying him relief without a hearing on his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. § 9541 *et seq*.  In this timely appeal, Ramos raises three issues.  He claims the PCRA court erred in denying him relief on his claims: 1) trial counsel provided ineffective assistance by failing to file an interlocutory appeal challenging the Commonwealth's reliance on hearsay at the preliminary hearing; 2) trial counsel bullied him into entering into the negotiated guilty plea; and 3) his sentence is illegal pursuant to ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017).  After a thorough review of the submissions by the parties, relevant law, and the certified record, we affirm.

_____
*   Retired Senior Judge assigned to the Superior Court.

On June 30, 2015, Ramos was charged with 45 counts of criminal activity related to his filming and photographing two females, one adult and one minor, in two incidents on the same day, while they were changing clothes in the dressing rooms at a Target store. When the adult saw a man's hand holding his cell phone over the dressing room wall she screamed and fled the changing room. By watching surveillance video, Ramos was identified as the only male in the changing room area at the time. Pursuant to a warrant, Ramos was arrested and certain property was seized, including a black Nokia cell phone. A forensic examination of that phone revealed 14 videos taken in the Target changing room area. Thirteen of the videos depicted a minor female trying on bathing suits. Nine of those videos depicted the child in some state of nudity. The fourteenth video depicted the adult female who saw the cell phone and screamed. This video did not depict the woman in a state of undress. Several other videos were also found on the cell phone, most of which depicted women using public bathrooms. These women were apparently never identified and were not used as the basis of any of the charges in this matter.

The 45 charges against Ramos included multiple counts of invasion of privacy, sexual abuse of children (photographing a minor), and sexual abuse of children (possession of child pornography).[1] On December 8, 2016, Ramos entered into a negotiated guilty plea to one count of invasion of privacy, one

---

[1] 18 Pa.C.S. §§ 7507.1(a)(1) and (a)(2), 6312(b)(2), and 6312(d), respectively.

count of possession of child pornography and two counts of photographing a minor. In exchange for the guilty plea, Ramos received an aggregate sentence of 3½ to 10 years' incarceration, followed by 5 years of probation. Additionally, the Commonwealth *nolle prossed* all remaining charges (41 additional counts).

Ramos did not file a direct appeal. Accordingly, his judgment of sentence (JOS) became final on January 9, 2017.[2] Pursuant to statute, Ramos had one year from the date his JOS became final to file a timely PCRA petition. Ramos filed a petition on November 28, 2017 – well within the one year limit. Counsel was appointed and filed an amended petition, which was denied without a hearing on May 31, 2018. This timely appeal followed.

We begin by noting, "This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." ***Commonwealth v. Kretchmer***, 189 A.3d 459, 462 (Pa. Super. 2018) (citation omitted).

In his first issue, Ramos claims his trial counsel was ineffective for failing to file an interlocutory appeal challenging the Commonwealth's reliance on hearsay evidence to prove a *prima facie* case against him. The burden of demonstrating ineffective assistance of counsel is well settled.

---

[2] The 30-day time limit to file an appeal expired on January 7, 2017, a Saturday. Accordingly, Monday, January 9, 2017, is the date Ramos' sentence became final.

> Appellant must demonstrate: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. The petitioner bears the burden of proving all three prongs of the test.

*Commonwealth v. Turetsky*, 925 A.2d 876, 879 (Pa. Super. 2007) (citations omitted).

Here, Ramos asserts counsel did not consult him regarding an interlocutory appeal after the *habeas corpus* hearing where the Commonwealth relied upon hearsay. Ramos claims:

> A defendant in appellant's position would have desired an appeal from the *habeas* ruling because the Commonwealth's reliance on hearsay testimony to sustain its *prima facie* burden of proof denied appellant of his constitutional right to procedural due process. Generally, an appeal may be taken as of right from any final order of a trial court. Pa.R.A.P. 341(a). In most circumstances, "the denial of a pre-trial writ of *habeas corpus* based on a lack of sufficient *prima facie* evidence does not constitute and appealable order." *Commonwealth v. Ricker*, 120 A.3d 349, 353 (Pa. Super. 2015). However, when exceptional circumstances exist, an appeal from such an interlocutory order may be considered. *Id.*

Ramos' Brief at 20. This argument fails for multiple reasons.

In the first instance, *Ricker* is distinguishable from the instant matter. *Ricker* addressed a situation where the Commonwealth presented only hearsay evidence to prove a *prima facie* case. A panel of our Court recognized that the Commonwealth did present some direct evidence, but that evidence was not relevant to proving any element of the crimes charged. *Ricker*, 120 A.3d at 356. Here, while much of the relevant evidence presented was hearsay, the Commonwealth also presented a significant amount of direct

evidence in the form of the images the testifying police officer, Detective Patrick Haines, obtained from the confiscated cell phone during his forensic examination of that cell phone. Those images of a minor female changing clothes and of the adult female also in a changing room, were directly relevant to proving the charges of child pornography, photographing a minor, and invasion of privacy. Accordingly, the underlying thesis of Ramos' claim, the Commonwealth presented only hearsay evidence, is facially incorrect.

Next, discounting the fact that the Commonwealth presented relevant direct evidence, Ramos claims his situation presented the same extraordinary circumstances as was found in **Ricker**. It is correct that a panel of our Court found such extraordinary circumstances to support an interlocutory appeal where it was alleged the Commonwealth relied **solely** on hearsay to make out a *prima facie* case. Although the question was novel in **Ricker** and that the issue could have been lost had the interlocutory appeal not been allowed, at the time of Ramos' *habeas corpus* hearing on September 5, 2016, **Ricker** had been decided, and a panel of our Court had determined that a *prima facie* case could be proven based solely upon hearsay. The question Ramos raised, having been answered, was no longer novel and the situation no longer presented an exceptional circumstance. Therefore, the general rule prohibiting interlocutory appeals would apply and there would have been no use in seeking the appeal. "Counsel is not ineffective for failing to pursue a meritless claim." **Commonwealth v. Maddrey**, ___ A.3d ___, 2019 PA Super 57, *4 (February 22, 2019).

Moreover, our Supreme Court accepted **Ricker** for review, but then dismissed the appeal as improvidently granted. Had Ramos sought an interlocutory appeal on the issue, and obtained a ruling, he would not have prevailed. Because Ramos cannot demonstrate prejudice, counsel could not have been ineffective.

No hearing before the PCRA Court would have changed either of the reasons cited above. Therefore, the PCRA Court did not err in denying, without a hearing, Ramos relief on this issue.

In his second issue, Ramos claims his counsel was ineffective for bullying him into believing he had no option but to plead guilty. We begin by noting:

> "[A] defendant is bound by the statements which he makes during his plea colloquy." Therefore, a defendant "may not assert grounds for withdrawing the plea that contradict statements made when he pled guilty," and he may not recant the representations he made in court when he entered his guilty plea.

**Commonwealth v. Jabbie**, 200 A.3d 500, 506 (Pa. Super. 2018) (citations omitted).

Here, our review of the certified record confirms that at the guilty plea, Ramos stated he was satisfied with counsel's representation and that no one had threatened him or made any other promises to him in order to induce him to plead guilty. Specifically, Ramos testified under oath:

[Question (by Counsel)]: Has anyone threatened you in any way to get you to plead guilty today?

[Ramos]: No.

- 6 -

[Question]: Aside from us presenting this offer to His Honor, has anyone promised you anything to get you to plead guilty today?

[Ramos]: No.

. . . .

[Question]: Are you satisfied with my representation?

[Ramos]: Yes.

. . . .

[Question (by the trial judge)]:  Has anyone forced you or threatened you to plead guilty today?

[Ramos]: No.

[Question]: Are you satisfied with your counsel?

[Ramos]: Yes.

[Question]: Do you believe she represented you well?

[Ramos]: Yes.

N.T. Guilty Plea, 12/8/2016 at 7, 12, 13.

Ramos' current allegation clearly and improperly contradicts his sworn testimony.  Ramos is not entitled to relief on this issue, and the PCRA court did not err in dismissing this claim without a hearing.

In his final issue, Ramos asserts his sentence is illegal in that he was denied the benefit of the bargain of his plea deal when, after he plead guilty, SORNA was deemed to be punitive rather than merely a civil consequence of his crime.  Ramos contends that had he known SORNA would be designated as punitive, he would have been able to strike a different bargain.

We have never seen this argument before, however, the unique character of the argument does not transform it into a meritorious one.

- 7 -

Initially, Ramos misconstrues the circumstance of our Supreme Court declaring the application of SORNA as violating the prohibition of *ex post facto* legislation. **See Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (sexual offender registration is punitive in nature and cannot be applied retroactively as that would violate the *ex post facto* clause). Under **Muniz**, SORNA cannot be applied to those offenders who committed the relevant crimes before the enactment of SORNA. Ramos both committed the offenses and pled guilty after SORNA was enacted. Accordingly, here there is no *ex post facto* consideration. The sole difference between Ramos' pre and post **Muniz** sentence is the designation of registration as being punitive. The actual requirements Ramos must obey have not changed in any respect. Moreover, it is nothing but pure speculation by Ramos that he could have altered his plea agreement had he known SORNA would subsequently be designated punitive.

Our review of the certified record reveals Ramos entered into the negotiated guilty plea knowingly and voluntarily. By doing so, he avoided the possibility of decades of incarceration, had he been convicted on only half of the charges levied against him. We perceive his current argument as nothing other than a thinly veiled claim of buyer's remorse, for which he is entitled to no relief. The PCRA court did not err in denying this argument without a hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/23/19