J. A21038/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| STEVEN REYNOLDS, | : | No. 2883 EDA 2019 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered September 10, 2019,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0003880-2018

BEFORE:  LAZARUS, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      Filed: November 12, 2020

Steven Reynolds appeals from the September 10, 2019 judgment of sentence of three to six years' imprisonment, followed by three years' probation, imposed after he pled guilty to unlawful possession of a firearm.[1] After careful review, we affirm the judgment of sentence.

The trial court summarized the relevant facts of this case, as gleaned from the suppression hearing, as follows:

> On May 8, 2018, at approximately 11:00 p.m., [Philadelphia Police] Officer [James] Crusemire and his partner, Officer Hickman,[2] were on routine patrol in the area of the 900 block of West Huntington Street in Philadelphia, a district to which the officer had been assigned for five years[,] which he described [] as a high narcotic and "shooting" area.  Upon arrival, he

---

[1] 18 Pa.C.S.A. § 6105(a)(1).

[2] Officer Hickman's first name was not identified at the suppression hearing.

observed a Jeep Cherokee travelling west bound toward 9th Street on West Huntington Street. The driver, [appellant], drove through the intersection without fully stopping at the stop sign and then abruptly pulled to the curb without using his vehicle's turn signal. Officer Crusemire activated his vehicle's lights and siren and initiated a traffic stop for these motor vehicle violations. Officers Crusemire and Hickman exited their patrol car. Officer Crusemire approached the passenger side of [a]ppellant's vehicle and Officer Hickman approached the driver's side window.

As Officer Crusemire approached the vehicle, he observed its windows were down and he detected the odor of fresh marijuana coming from inside the car. Officer Crusemire then heard his partner ask [a]ppellant for his driver's license and the car's registration card. He immediately noticed that, after the request, [a]ppellant began to breathe heavily and count money that had been sitting on top of the glove box. Officer Crusemire considered this behavior odd and manifested to the officer that [a]ppellant appeared nervous.

The officers asked [a]ppellant to exit his vehicle because of the smell of marijuana coming from inside the car. Upon being directed to exit his vehicle, [a]ppellant volunteered, "I don't want any problems." As [a]ppellant was exiting the Jeep, Officer Crusemire observed two bulges in his clothing, one of which was in a right pocket of [a]ppellant's jeans and the other in his waistband. Officer Crusemire then had [a]ppellant put his hands on top of a car at which time Officer Crusemire frisked him for officer safety. When Officer Crusemire frisked [a]ppellant, he immediately felt the handle of a gun in [a]ppellant's waistband. Officer Crusemire ordered [a]ppellant not to move and Officer Hickman recovered the gun. The officers placed [a]ppellant under arrest and searched [a]ppellant's clothing[,] which resulted in the seizure of four jars filled with alleged marijuana from [a]ppellant's right pocket.

> [Appellant also testified at length during the suppression hearing, contradicting Officer Crusemire's testimony.]

Trial court opinion, 12/23/19 at 1-3 (citations to notes of testimony omitted).

Appellant was charged with unlawful possession of a firearm, carrying a firearm without a license, carrying a firearm on public streets or public property in Philadelphia, and possession of a small amount of marijuana[3] in connection with this incident.[4]  On March 18, 2019, appellant filed an **omnibus** pre-trial motion to suppress the firearm seized pursuant to the traffic stop of his vehicle.  Following an evidentiary hearing on April 9, 2019, the suppression court entered an order on April 15, 2019, denying appellant's suppression motion.  On June 20, 2019, the trial court conducted a guilty plea colloquy, during which appellant entered an open guilty plea to one count of unlawful possession of a firearm.[5]  In his written colloquy, appellant acknowledged that he understood that by pleading guilty, he was waiving the majority of the issues he could challenge on appeal.  (**See** guilty plea colloquy, 6/20/19 at 2-3.)  As noted, the trial court sentenced appellant to three to six years' imprisonment, followed by three years' probation, on

---

[3] 18 Pa.C.S.A. §§ 6105(a)(1), 6106(a)(1), 6108, and 35 P.S. § 780-113(a)(31), respectively.

[4] The record reflects that appellant was ineligible to carry a firearm due to two prior convictions.  (**See** notes of testimony, 6/20/19 at 4-5.)

[5] The remaining charges were **nolle prossed** by the Commonwealth.

September 10, 2019.  Appellant did not file any post-sentence motions.  This timely appeal followed.[6]

Appellant raises the following issues for our review:

> 1.  Did the [suppression c]ourt err in denying the motion to suppress where the Commonwealth failed to establish reasonable suspicion or probable cause that [a]ppellant had committed a violation of the Motor Vehicle Code?
>
> 2.  Did the [suppression c]ourt err in denying the motion to suppress where the Commonwealth failed to establish that, during a traffic stop, the officers had probable cause or reasonable suspicion of criminal activity?

Appellant's corrected brief at 3-4.[7]

Our standard of review when addressing a challenge to a suppression court's denial of a suppression motion is well settled.

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct.  Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the

---

[6] On October 9, 2019, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pennsylvania Rule of Appellate Procedure 1925(b).  Appellant timely complied and the trial court filed its Rule 1925(a) opinion on December 23, 2019.

[7] We note that on June 17, 2020, appellant filed a motion for leave to file a corrected brief because of the fact his appellate brief was missing all even-numbered pages.  The Commonwealth did not oppose this motion, and we accepted appellant's corrected brief on July 13, 2020.  (**See per curiam** order, 7/13/20.)

> defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous.

*Commonwealth v. Jones*, 121 A.3d 524, 526 (Pa.Super. 2015) (citation omitted; brackets in original), *appeal denied*, 135 A.3d 584 (Pa. 2016).

Prior to any consideration of the merits of appellant's suppression claims, we must first determine whether they are waived on appeal. It is well established that "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" *Commonwealth v. Jabbie*, 200 A.3d 500, 505 (Pa.Super. 2018), quoting *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014) (footnote omitted); *see also Commonwealth v. Andrews*, 158 A.3d 1260, 1265 (Pa.Super. 2017) (stating, "[a] plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses and waives the right to challenge anything but the legality of [the] sentence and the validity of [the] plea." (citation and internal quotation marks omitted)).

Here, appellant fails to even acknowledge that he pled guilty in this matter or otherwise set forth any reasoning as to why this court should disregard his explicit waiver on appeal. Accordingly, based upon his guilty plea, we agree with the Commonwealth that appellant's claims pertaining to the denial of his suppression motion are waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/12/20