J-S27032-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNETH B. BAKER | : | |
| | : | |
| Appellant | : | No. 351 WDA 2021 |

Appeal from the PCRA Order Entered February 11, 2021
In the Court of Common Pleas of Mercer County Criminal Division at
No(s): CP-43-CR-0001172-2016

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: DECEMBER 21, 2021**

Appellant, Kenneth B. Baker, appeals from the order dismissing his first petition filed under the Post Conviction Relief Act ("PCRA").[1] We affirm.

On September 20, 2016, the Commonwealth filed an information charging Appellant with various sexual offenses, including rape of a child and involuntary deviate sexual intercourse ("IDSI") with a child,[2] related to the alleged repeated sexual assault of a female victim between 2009 and 2012 when the victim was five to nine years old. On March 9, 2017, the trial court granted the Commonwealth's motion to amend the information, adding several additional counts.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. §§ 3121(c), 3123(b).

On March 24, 2017, Appellant entered a no contest plea to one count of rape of a child and one count of IDSI with a child, with the remainder of the charges nolle prossed. On July 24, 2017, prior to sentencing, Appellant filed a motion to withdraw his plea. On the same date that he filed the motion to withdraw the plea on Appellant's behalf, Appellant's counsel, Wayne Hundertmark, Esq., filed a motion for leave to withdraw his appearance for health reasons. The trial court granted the request and Eric Padin, Esq. subsequently entered an appearance as Appellant's counsel. Attorney Padin continued in that role during the hearing on Appellant's motion to withdraw his plea and through Appellant's sentencing.

On October 26, 2017, the trial court denied Appellant's motion to withdraw his plea. On December 6, 2017, Appellant was sentenced to an aggregate term of imprisonment of 30 to 80 years. Appellant filed a timely post-sentence motion, which the trial court denied on January 2, 2018. Appellant did not file a direct appeal.

On November 9, 2018, Appellant filed a timely *pro se* PCRA petition.[3] The PCRA court appointed counsel to represent Appellant, and his counsel filed a motion on June 16, 2020 requesting a hearing on the allegations raised in

_____

[3] A PCRA petition is timely if filed within one year of the date the petitioner's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's judgment became final on February 1, 2018, 30 days after the denial of his post-sentence motion and the last day in which he was entitled to file a direct appeal. Pa.R.Crim.P. 720(A)(2)(a). Appellant's November 9, 2018 petition was thus timely.

Appellant's *pro se* petition. A PCRA hearing was held on February 9, 2021 at which Appellant, Appellant's father, Attorney Hundertmark, and Attorney Padin testified. On February 11, 2021, the PCRA court entered an order denying Appellant's petition. Appellant thereafter filed this timely appeal.[4]

On appeal, Appellant argues that the PCRA court erred in denying his petition where he proved that Attorney Hundertmark and Attorney Padin provided ineffective assistance of counsel. Specifically, Appellant argues that Attorney Hundertmark failed to properly investigate the case and explore Appellant's mental health issues prior to the entry of the plea. Appellant also argues that Attorney Hundertmark did not properly explain the potential sentences that Appellant could face as the result of his plea. Appellant contends that Attorney Padin was ineffective for failing to submit all of his character reference letters as well as by failing to file a direct appeal on Appellant's behalf.

We review the denial of PCRA relief to decide whether the PCRA court's factual determinations are supported by the record and its legal conclusions are free of error. *Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020). When supported by the record, the PCRA court's factual findings and credibility determinations are binding on this Court, but we review the lower court's legal conclusions under a *de novo* standard of review. *Id.* Our scope

---

[4] Appellant filed his concise statement of errors complained of on appeal on March 15, 2021. On May 10, 2021, the PCRA court filed a Pa.R.A.P. 1925(a) opinion.

of review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the Commonwealth, the party who prevailed below. *Id.*

In assessing ineffectiveness claims under the PCRA, we begin our analysis with the presumption that counsel has rendered effective assistance. *Commonwealth v. Reid*, 259 A.3d 395, 405 (Pa. 2021). To overcome the presumption, the petitioner must show that:

> (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different.

*Id.* (citation and quotation marks omitted). The defendant must satisfy all three prongs of this test to obtain relief under the PCRA. *Id.*

This Court has held that a petitioner's claim of ineffectiveness in connection with advice rendered regarding whether to enter a guilty or no contest plea[5] is cognizable under the PCRA. *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 & n.3 (Pa. Super. 2014). We have further explained that,

> [a]llegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. Thus, to establish prejudice, the defendant must

---

[5] In terms of its effect in a criminal case, a plea of no contest is treated the same as a guilty plea. *Lippert*, 85 A.3d at 1100 n.3.

show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. The reasonable probability test is not a stringent one; it merely refers to a probability sufficient to undermine confidence in the outcome.

***Commonwealth v. Barndt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and quotation marks omitted).

In addressing whether Attorney Hundertmark was ineffective for failing to interview potential trial witnesses, the PCRA court first observed that Attorney Hundertmark testified at the hearing that he reviewed the criminal complaint, affidavit of probable cause, and police reports and that he reviewed the discovery material with Appellant. PCRA Court Opinion ("PCO") at 4-5; N.T., 2/9/21, at 31, 48. The court further noted that Attorney Hundertmark stated that he spoke with Appellant, Appellant's father, and Appellant's wife and he was prepared to go to trial based upon his investigation. PCO at 5; N.T., 2/9/21, at 33, 57. In light of Attorney Hundertmark's testimony, the PCRA court concluded that Appellant did not show arguable merit to this claim. PCO at 4-5. The lower court further determined that Appellant did not show prejudice as he "presented no evidence in his [p]etition or at the evidentiary hearing as to what these witnesses would have testified to and how the testimony would have changed the result of the proceeding." ***Id.*** at 5.

Upon our review of the record, we initially note that the PCRA court made several findings of fact at the conclusion of the evidentiary hearing, including a finding that Attorney Hundertmark's testimony was "less than credible," based on memory lapses as a result of the extensive health issues

he had suffered at the time of Appellant's trial and afterward that caused him to withdraw from the instant case and retire from the practice of law. N.T., 2/9/21, at 91-92. However, even ignoring Attorney Hundertmark's testimony in its entirety, we agree with the PCRA court that Appellant failed to show prejudice as to this claim. At the evidentiary hearing, Appellant testified that he gave Attorney Hundertmark the names of several potential defense witnesses—Kurtis Young, Rachel Ramp, Andy Gillian, Matt Hofacker, and "a couple of my family members, my brothers." *Id.* at 6-7, 11-13. However, Appellant's petition and testimony are completely silent as to what testimony these individuals would have provided and how Attorney Hundertmark's interviews with the witnesses would have affected his advice to Appellant concerning whether to enter a no contest plea. Therefore, the record supports the finding that Appellant did not prove prejudice as to this claim. *See Barndt*, 74 A.3d at 192; *see also Commonwealth v. Pander*, 100 A.3d 626, 639 (Pa. Super. 2014) (*en banc*) ("To demonstrate prejudice where the allegation is the failure to interview a witness, the petitioner must show that there is a reasonable probability that the testimony the witness would have provided would have led to a different outcome at trial.").

With respect to Appellant's claim that Attorney Hundertmark was ineffective for failing to investigate his mental health issues, the PCRA court found that there was no arguable merit to this claim as "Appellant provided little to no evidence that he suffered a mental illness at the time of his plea and because the plea colloquy established that Appellant understood the

terms of the plea." PCO at 5. As the PCRA court noted, Appellant testified at the evidentiary hearing that he had not been diagnosed with any mental illness at the time he entered his no contest plea and he was only diagnosed with anxiety and depression and prescribed medication for those conditions after his sentencing. N.T., 2/9/21, at 15-16; *see also* PCO at 5. Furthermore, Appellant testified at the plea hearing that he was not taking any prescription medication and he was not suffering from any mental condition that would have prevented him from understanding the terms of his plea. N.T., 3/24/17, at 4-5; *see also* N.T., 2/9/21, at 15. In addition, while Attorney Hundertmark testified that he had not had any discussion with Appellant regarding potential mental issues, Attorney Padin also testified that when he spoke with Appellant regarding his desire to withdraw his plea, Appellant did not mention any mental illness. N.T., 2/9/21, at 33, 36, 68; *see also* PCO at 5-6.

The record here supports the trial court's conclusion that this ineffectiveness issue lacked arguable merit. Appellant did not show that he suffered from a mental illness at the time of his plea or that Attorney Hundertmark should have investigated any potential illness. Furthermore, a defendant is bound by his testimony at the plea colloquy, and he may not assert grounds for withdrawing the plea that contradict his statements during the colloquy. *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018). Consequently, Appellant is bound by his statement to the trial court that he did not have any mental illness that prevented him from understanding

his plea, and he cannot contradict this statement in an effort to rescind his plea. *Id.*

We next address Appellant's claim that Attorney Hundertmark was ineffective for failing to properly advise him of the potential sentences he faced based upon his no contest plea to the rape and IDSI charge. The PCRA court found that the plea colloquy was "extensive," "clear," and "simple" and the Appellant testified during the colloquy that he fully understood the nature of his plea and was not entering the plea based upon any promise or coercion. N.T., 2/9/21, at 84, 93; *see also* N.T., 3/24/17, at 4, 11. Therefore, the PCRA court concluded that Appellant had not met his burden of showing any merit to this claim. N.T., 2/9/21, at 93.

The record supports the PCRA court's conclusion that there was no merit to the claim of ineffectiveness with respect to the legal advice Appellant received upon entering his plea. In addition to the plea colloquy discussion, Attorney Padin testified at the PCRA hearing that he accompanied Attorney Hundertmark on a visit to meet Appellant in jail before the plea and at that meeting Attorney Hundertmark explained the maximum sentences that Appellant faced if he was convicted of the charged offenses. N.T., 2/9/21, at 66. Appellant admitted that this meeting took place, although he stated that "[t]hey just went over the charges and [] how many years it could be at the max [but] never explained the consecutive or concurrent or the enhancement penalty." *Id.* at 7. However, even if Appellant did not understand the difference between concurrent and consecutive sentences at his pre-trial

- 8 -

meeting with counsel, the trial court clearly explained to Appellant during the plea colloquy that he faced a maximum punishment of 40 years' imprisonment on each of the two charges as to which he was entering his plea and that it could impose the sentences on the two counts consecutively or concurrently. N.T., 3/24/17, at 5-6; **see also** 18 Pa.C.S. §§ 3121(e)(1), 3123(d)(1). The trial court further stated that if the sentences were imposed consecutively at the statutory maximum, he would receive an aggregate 40-to-80 year term. N.T., 3/24/17, at 6. Appellant likewise answered in the affirmative when asked later in the plea colloquy whether he "understood everything that's been said to you today." *Id.* at 11. While Appellant claimed at the PCRA hearing that he was confused by the trial court's explanation of the potential penalties he faced, N.T., 2/9/21, at 9, he is bound by his statements at the plea colloquy. N.T., 3/24/17, at 5-6, 11; **Jabbie**, 200 A.3d at 506.[6]

Finally, Appellant argues that Attorney Padin provided ineffective assistance because he failed to submit all of the character reference letters Appellant provided him at the sentencing hearing and because he failed to file

---

[6] Appellant also testified at the PCRA hearing that he did not understand the significance of a no contest plea and that he "just heard the word 'no' and just went for it," thinking that "the word 'no' being in it . . . [meant that he would still be] going to trial [and] it was just a different way of saying not guilty." N.T., 2/9/21, at 8-10. However, Appellant's claimed misunderstanding of the effect of his plea is in conflict with his statements at the colloquy that he understood what a no contest plea was and that such a plea would be treated as the equivalent of a guilty plea, as well as his admission that there was a strong likelihood that the sexual assault allegations against him would be proven beyond a reasonable doubt if he proceeded to trial. N.T., 3/24/17, at 4, 7-10.

a direct appeal. While Appellant raised these claims in his PCRA petition, *Pro Se* PCRA Petition, 11/9/18, at 4, these arguments are waived for purposes of this appeal. Appellant's counsel informed the court at the PCRA hearing that he was only pursuing ineffectiveness claims related to the factual investigation of the case and the advice Appellant received at the plea hearing while the ineffectiveness claims as to Attorney Padin only concern his performance at the sentencing hearing and after the sentence was imposed.[7] **See Commonwealth v. Leaner**, 202 A.3d 749, 765 n.3 (Pa. Super. 2019) (an issue raised in a motion but abandoned at a subsequent hearing on the motion may not be pursued on appeal). Even if not waived, however, we would conclude that these arguments lack merit. Attorney Padin testified that he read each of the five character reference letters that Appellant provided him at the sentencing hearing, N.T., 2/9/21, at 71-72, and Appellant offered no testimony or documentary evidence to back up his claims that he provided

---

[7] The following exchange took place between Appellant's PCRA counsel, David R. Gloss, Esq. and the PCRA court at the outset of the hearing:

THE COURT: . . . Mr. Gloss, could you tell us what the issues are that you intend to pursue?

MR. GLOSS: Yes, Your Honor. The two main issues that we'd like to discuss today were counsel's alleged lack of investigation regarding the case and the circumstances surrounding the entry of the plea.

THE COURT: All right. Now you just said the two main issues. Are these the two issues?

MR. GLOSS: Yes, Your Honor.

N.T., 2/9/21, at 3-4.

additional letters that were not submitted to the court or that he asked Attorney Padin to file a direct appeal.

Appellant's appellate issues thus merit no relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  12/21/2021