J-S12020-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JESUS LOPEZ | : | |
| | : | |
| Appellant | : | No. 1019 EDA 2021 |

Appeal from the Judgment of Sentence Entered May 13, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002913-2020

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

JUDGMENT ORDER BY BOWES, J.:          **FILED APRIL 28, 2022**

Jesus Lopez appeals from the negotiated judgment of sentence of two and one half to five years of incarceration followed by two years of probation, which was imposed after he pled guilty to possession of firearms prohibited, carrying a firearm without a license, and carrying a firearm in public in Philadelphia.  Appellant was charged with several weapons offenses after police stopped a vehicle in which Appellant was a passenger.  Appellant filed a pre-trial suppression motion, which the trial court denied after a hearing. Thereafter, he pled guilty to the abovementioned charges in exchange for the agreed-upon sentence and the Commonwealth withdrawing all remaining charges.  Appellant did not file a post-sentence motion.

This timely appeal followed.  Appellant and the trial court complied with Pa.R.A.P. 1925.  Appellant presents one issue for our review:  "The trial court erred when it denied the motion to suppress which argued that the police

officers lacked the requisite level of probable cause or reasonable suspicion to stop, detain and search the appellant's property." Appellant's brief at 5.

At the outset, the trial court and the Commonwealth contend this claim is waived by virtue of Appellant's guilty plea. *See* Trial Court Opinion, 9/8/21, at 1; Commonwealth's brief at 5. We agree. "Generally, upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the legality of the sentence imposed." ***Commonwealth v. Jabbie***, 200 A.3d 500, 505 (Pa.Super. 2018) (cleaned up). It is undisputed that Appellant entered a negotiated guilty plea and waived his right to pursue anything on appeal other than the validity of his plea, the jurisdiction of the court, and the legality of his sentence. *See* Guilty Plea Colloquy, 5/13/21, at 2 ("If I already had a hearing on pre-trial motions, when I plead guilty I give up my right to appeal the decisions on those motions."); *id*. at 3 (detailing the three types of claims permitted on appeal following a guilty plea).

Critically, Appellant presents no argument that his claim is not waived. Moreover, he did not condition his plea upon preservation of his suppression claim. ***See Commonwealth v. Singleton***, 169 A.3d 79, 81 (Pa.Super. 2017) (observing that our courts have reviewed the merits of issues specifically reserved in plea agreements). Since Appellant waived any claim challenging the pre-trial suppression ruling when he entered his guilty plea and has failed to raise any other claim on appeal, we affirm his judgment of sentence.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *4/28/2022*