J-A05033-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AHMAD J. THOMAS | : | |
| | : | |
| Appellant | : | No. 1406 EDA 2022 |

Appeal from the Judgment of Sentence Entered April 25, 2022
In the Court of Common Pleas of Chester County
Criminal Division at CP-15-CR-0003260-2020

BEFORE:  LAZARUS, J., KUNSELMAN, J., and MURRAY, J.

JUDGMENT ORDER BY MURRAY, J.:          **FILED FEBRUARY 6, 2023**

Ahmad J. Thomas (Appellant) appeals from the judgment of sentence imposed after he entered a negotiated guilty plea to one count of attempted murder and two counts of criminal conspiracy.[1]  Upon review, we grant the Commonwealth's application to cancel oral argument, strike the case from the argument list, and affirm the judgment of sentence.

On April 25, 2022, Appellant entered a negotiated guilty plea to the above crimes.  The trial court immediately sentenced Appellant, in accordance with the terms of the plea agreement, to an aggregate sentence of 18 – 40 years in prison.  Appellant subsequently filed a post-sentence motion asking the trial court to recommend to the Board of Prisons that he serve his sentence

---

[1] 18 Pa.C.S.A. §§ 901(a) and 903(a).

in a state prison close to his home. The trial court granted the motion on May 6, 2022. Appellant never sought to withdraw his guilty plea. This timely appeal followed.[2]

On January 9, 2023, Appellant filed a counseled appellate brief raising four issues, all of which challenge the denial of Appellant's suppression motion prior to Appellant entering his guilty plea. *See* Appellant's Brief at 3. On January 19, 2023, the Commonwealth filed an application to cancel oral argument because Appellant has not challenged "any of the four permissible grounds" for appeal following the entry of a negotiated guilty plea. Application to Cancel Oral Argument, 1/19/23, at 1-2 (unnumbered).

"Generally, upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" *Commonwealth v. Jabbie*, 200 A.3d 500, 505 (Pa. Super. 2018) (internal quotation marks and citation omitted). "A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." *Commonwealth v. Lincoln*, 72 A.3d 606, 609-10 (Pa. Super. 2013). "Failure to employ either measure results in waiver." *Id.* at 610. "Historically, Pennsylvania courts adhere to this waiver principle because

---

[2] Appellant and the trial court complied with Pa.R.A.P. 1925.

it is for the court which accepted the plea to consider and correct, in the first instance, any error which may have been committed." **Id.** (citation omitted); **see also** Pa.R.A.P. 302(a) (issues not preserved in the trial court may not be raised on appeal).

Here, Appellant never sought to withdraw his guilty plea. Moreover, we agree with the Commonwealth that Appellant has waived any challenge to the trial court's suppression ruling. **Lincoln**, 72 A.3d at 609; **see also Commonwealth v. Percel**, 107 A.3d 185, 197 n.14 (Pa. Super. 2014) (appellant waived challenge to the denial of suppression by pleading guilty). Because Appellant is precluded from challenging the denial of his suppression motion, his appeal raising issues that pertain to suppression is wholly frivolous and oral argument would be meaningless. Accordingly, we grant the Commonwealth's application to cancel oral argument and strike the case from the argument list.

Application granted. Case stricken from argument list. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/6/2023

- 3 -