J-S38043-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| JOHN PAUL ANGELILLO | : | |
| Appellant | : | No. 744 EDA 2024 |

Appeal from the PCRA Order Entered January 11, 2024
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000248-2021

BEFORE:   STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED NOVEMBER 26, 2024**

Appellant John Paul Angelillo files this *pro se* appeal from the order of the Court of Common Pleas of Pike County dismissing his petition pursuant to the Post-Conviction Relief Act (PCRA).[1]  After careful review, we affirm.

In June 2021, Appellant was initially charged with Possession with Intent to Deliver a Controlled Substance, Distribution to Persons Under Age Eighteen, Stalking (graded as a felony), Stalking (graded as a misdemeanor), Corruption of Minors, and Harassment.  Appellant, a 42-year-old male was accused of repeatedly engaging with a 16-year-old female at her place of employment at a grocery store where Appellant would provide her unsolicited attention and gifts, including a marijuana cigarette and a condom along with a note indicating he wanted to start a romantic relationship with the minor.

_____

[*] Former Justice specially assigned to the Superior Court.
[1] 42 Pa.C.S.A. §§ 9541-9546.

On October 7, 2021, Appellant agreed to plead guilty to Delivery of a Controlled Substance and misdemeanor Stalking in exchange for a sentence in the standard range of Pennsylvania's Sentencing Guidelines. Appellant completed a written plea colloquy and submitted to an oral plea colloquy at the time of his plea.

On December 10, 2021, the trial court sentenced Appellant to two consecutive terms of sixteen months to five years' imprisonment on two charges. As a result, Appellant received an aggregate sentence of thirty-two months to ten years' imprisonment. On December 17, 2021, Appellant filed a motion for reconsideration of sentence, asking the trial court to impose his sentences concurrently instead of consecutively. On December 20, 2021, the trial court denied the reconsideration motion.

Appellant filed a timely appeal, arguing that the trial court abused its discretion in imposing consecutive sentences at the high end of the sentencing guidelines. On August 23, 2022, this Court affirmed the judgment of sentence, refusing to disturb the trial court's imposition of aggregate sentences that were not excessive in light of the criminal conduct at issue. *See Commonwealth v. Angelillo*, 228 EDA 2022 (Pa.Super. August 23, 2022) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On May 23, 2023, Appellant filed a timely *pro se* PCRA petition, in which he raised claims of ineffectiveness of counsel and claimed that his confession was coerced. The PCRA court appointed Appellant counsel, who subsequently

filed a motion to withdraw his representation along with a no-merit letter, setting forth his reasons for concluding that the petition was frivolous.

On August 17, 2023, the PCRA court filed a notice of its intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. In the Rule 907 notice, the PCRA court informed Appellant of his right to file objections to the proposed dismissal. On August 28, 2023, Appellant filed *pro se* objections to PCRA counsel's petition to withdraw, reiterating the same claims he raised in his *pro se* PCRA petition. Appellant claimed that he was "railroaded, coerced, and forced into an unfit, unjust, and unsatisfactory sentencing."[2]

On January 11, 2024, the PCRA court denied Appellant's *pro se* objections to the Rule 907 notice and dismissed Appellant's PCRA petition. On January 18, 2024, Appellant filed a *pro se* notice of appeal from the denial of his PCRA petition  The instant appeal was docketed at 744 EDA 2024. Appellant complied with the PCRA court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

In its Rule 1925(a) opinion, the PCRA court rejected Appellant's allegations that he was coerced into entering a confession or into pleading guilty in this case, finding that Appellant knowingly, intelligently, and

---

[2] On December 18, 2023, Appellant filed a "Motion for Modification of Sentence *Nunc Pro Tunc*" in which Appellant requested that his consecutive sentences be "merged" or "reconstructed." On December 20, 2023, the PCRA court denied Appellant's "Motion for Modification of Sentence *Nunc Pro Tunc*," which the PCRA court deemed to be an untimely post-sentence motion. On January 2, 2023, Appellant filed a notice of appeal of the denial of his "Motion for Modification of Sentence *Nunc Pro Tunc*." This appeal, which was docketed at 868 EDA 2024, is resolved in a separate memorandum.

voluntarily pled guilty to two of six charged offenses in exchange for a negotiated plea agreement.

We agree with the PCRA court's determination that Appellant's claims that he was coerced into pleading guilty are contradicted by the written plea colloquy he signed and initialed. Appellant agreed that the factual basis of the plea was correctly set forth in the colloquy and admitted to committing the crimes for which he was pleading guilty. Appellant confirmed he understood the charges against him, agreed that "[n]o one has used any force or threats against me in order to get me to enter this plea of guilty," and averred that "[n]o promises have been made to me in order to get me to enter this plea other than what is set forth in the plea agreement." Written Plea Colloquy, at 3. Appellant acknowledges in the plea colloquy that the negotiated sentence recommendation was for Appellant to receive a standard range sentence pursuant to the Pennsylvania sentencing guidelines and that the trial court had the discretion to impose consecutive or concurrent sentences.

A defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea. *Commonwealth v. Jamison*, 284 A.3d 501, 506 (Pa.Super. 2022) (quoting *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa.Super. 2018). Accordingly, we conclude that the trial court correctly dismissed Appellant's petition as meritless.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/26/2024