J-S38038-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                 :  PENNSYLVANIA
                                                 :

v.  :

:

ANTHONY TYRONE DRIVER  :

:

Appellant  :  No. 138 WDA 2021

Appeal from the PCRA Order Entered December 9, 2020
In the Court of Common Pleas of Westmoreland County Criminal Division
at No(s):  CP-65-CR-0001513-2018

BEFORE:  BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:  **FILED: APRIL 11, 2022**

Appellant, Anthony Tyrone Driver, appeals *pro se* from the order of the Court of Common Pleas of Westmoreland County (trial court) that dismissed his first petition filed under the Post Conviction Relief Act ("PCRA").[1]  After careful review, we affirm.

Appellant was stopped by a Pennsylvania State Police trooper while driving on the Pennsylvania Turnpike on February 6, 2018, and a search of his car was conducted in which the State Police found a stolen handgun, three pounds of marijuana, and five clear bags of cocaine.  Appellant was arrested and charged with possession of a firearm by a person prohibited, carrying a

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1]  42 Pa.C.S. §§ 9541–9546.

firearm without a license, receiving stolen property, three counts of possession of a controlled substance with intent to deliver (PWID), three counts of possession of a controlled substance, and possession of drug paraphernalia. Appellant filed a motion to suppress in which he asserted that the search of his car violated his rights under the Fourth Amendment to the United States Constitution and Article I, Section 8 of the Pennsylvania Constitution because the State Police lacked probable cause or reasonable suspicion to stop and detain him. On February 27, 2019, the trial court, following a hearing, denied the suppression motion.

On March 11, 2019, Appellant, represented by counsel, entered a negotiated guilty plea to possession of a firearm by a person prohibited, carrying a firearm without a license, two counts of PWID, and two counts of possession of a controlled substance. N.T. Guilty Plea and Sentencing at 6-9. This plea agreement, which the trial court accepted, provided that Appellant would receive an aggregate sentence of four to eight years' incarceration and that Commonwealth dismissed the receiving stolen property and possession of drug paraphernalia charges and the remaining PWID and possession of a controlled substance counts. *Id.* at 3-5, 10; Guilty Plea Petition ¶8. In accordance with that plea agreement, the trial court sentenced Appellant to an aggregate term of four to eight years' incarceration, consisting of concurrent sentences of four to eight years' incarceration for possession of a firearm by a person prohibited, one to three years' incarceration for carrying

a firearm without a license, and one to three years' incarceration for the two PWID counts, with the two possession of a controlled substance counts merging with the PWID counts. N.T. Guilty Plea and Sentencing at 10-11; Sentencing Order. Appellant did not file any post-sentence motion or direct appeal.

On March 11, 2020, Appellant filed the instant timely first PCRA petition. The trial court[2] appointed counsel for Appellant. On June 29, 2020, Appellant's PCRA counsel filed a no-merit letter in which he concluded that Appellant had no meritorious PCRA claims because the record showed that his guilty plea was knowing and voluntary and requested that he be granted leave to withdraw. No-Merit Letter at 2-3. On September 22, 2020, the trial court issued a notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Appellant's PCRA petition without a hearing on the ground that it was without merit. Appellant filed a response to the Rule 907 notice.

On December 9, 2020, the trial court entered an order dismissing Appellant's PCRA petition and granting PCRA counsel's request to withdraw. Trial Court Opinion and Order, 12/9/20, at 4-5. Appellant filed the instant appeal from this order. On January 28, 2021, the trial court entered an order pursuant to Pa.R.A.P. 1925(b) directing Appellant to file and serve on the trial

_____

[2] The trial court judge to whom Appellant's PCRA petition was assigned was a different judge from the trial court judge who adjudicated his suppression motion, accepted his plea and sentenced him.

judge within 21 days a statement of errors complained of on appeal and stating that any issue not included in a timely filed statement of errors complained of on appeal "shall be deemed waived." Trial Court Order, 1/28/21. Appellant did not file or serve any statement of errors complained of on appeal within 21 days of this order or at any time thereafter. On March 1, 2021, the trial court filed a Rule 1925 opinion in which it noted Appellant's failure to file any statement of errors complained of on appeal as a ground for affirmance, in addition to the reasons set forth in its Rule 907 Notice and its December 9, 2020 Opinion and Order. Trial Court Memorandum in Lieu of Rule 1925 Opinion.

In his brief, Appellant lists as issues that he seeks to raise in this appeal various claims concerning an alleged denial of counsel at his formal arraignment, the trial court's denial of his suppression motion, and ineffectiveness of trial counsel prior to and in connection with his guilty plea. Appellant's Brief at 1. Before addressing the merits of these issues, we must consider whether Appellant failed to preserve any issues for review.

The law is clear that where the trial court has issued a Rule 1925(b) order to the appellant, the appellant's failure to file a statement of errors complained of on appeal and serve it on the trial court waives all issues on appeal. ***Commonwealth v. Parrish***, 224 A.3d 682, 692-63, 700 (Pa. 2020);

***Commonwealth v. Butler***, 812 A.2d 631, 633-34 (Pa. 2002).[3]  Here, the trial court issued a Rule 1925(b) order and Appellant filed no statement of errors complained of on appeal.

Appellant has asserted that he did not receive the trial court's 1925(b) order.  Appellant's 3/15/21 Letter Application for Relief.  The record, however, is clear that the trial court served its order on Appellant.  The Rule 1925(b) order sets forth that it was sent to Appellant and the address to which it was sent.  Trial Court Order, 1/28/21, at 2. That address is the address that Appellant concedes is his correct address.  ***See also*** 3/18/21 Order of this Court (denying Appellant's application for additional time to show that he did not receive the Rule 1925(b) order on the grounds that "a review of the record shows that a copy of the lower court's order … directing Appellant to file a Concise Statement of Errors pursuant to Pa.R.A.P. 1925(b) was, in fact, served on Appellant"). Because Appellant was served with the trial court's Rule 1925(b) order and did not file any statement of errors complained of on appeal, Appellant has waived all issues in this appeal.

---

[3] Where the appellant is represented by counsel in a criminal case, such failure constitutes *per se* ineffective assistance of counsel and the remedy is remand for counsel to file a statement of errors complained of on appeal *nunc pro tunc*.  Pa.R.A.P. 1925(c)(3); ***Parrish***, 224 A.3d at 692, 702.  That remedy, however, does not apply here, as Appellant was proceeding *pro se* when he filed this appeal and when the Rule 1925(b) order was issued and the failure to file a statement of errors therefore cannot constitute ineffective assistance of counsel.

Even if Appellant were not barred by waiver, his appeal would fail on the merits. Where, as here, the defendant pleads guilty pursuant to agreement under which he receives a negotiated sentence, he gives up all claims and defenses with respect to his conviction and sentence except for challenges concerning the jurisdiction of the court, the validity of the plea, and the legality of his sentence. *Commonwealth v. Eisenberg*, 98 A.3d 1268, 1275 (Pa. 2014); *Commonwealth v. Jabbie*, 200 A.3d 500, 505 (Pa. Super. 2018); *Commonwealth v. Reid*, 117 A.3d 777, 786 n.22 (Pa. Super. 2015). Ineffective assistance of counsel prior to or at the time of the plea can be a basis for PCRA relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. Super. 2017); *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012); *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa. Super. 2003). Appellant asserts no claim that the trial court lacked jurisdiction or that his sentence is an illegal sentence and the record in this case establishes that Appellant's guilty plea was voluntary and knowing.

To establish that a guilty plea is voluntary and knowing, the plea colloquy must ascertain the factual basis for the plea and that the defendant understands the nature of the charges to which he is pleading guilty, his right to a jury trial, the presumption of innocence, the sentencing ranges for the charges, and the plea court's power to deviate from any recommended sentence. *Commonwealth v. Flanagan*, 854 A.2d 489, 500 & n.8, 504 (Pa.

2004); *Jabbie*, 200 A.3d at 506; *Reid*, 117 A.3d at 782; *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*); Comment to Pa.R.Crim.P. 590(A)(2). These matters may also be shown by a written plea colloquy read and signed by the defendant and made part of the record when supplemented by an oral, on-the-record examination. *Reid*, 117 A.3d at 782; *Morrison*, 878 A.2d at 108-09; Comment to Pa.R.Crim.P. 590(A)(2).

All of these requirements were satisfied here. Appellant was represented by counsel in the plea negotiations and at the plea hearing. N.T. Guilty Plea and Sentencing at 3, 5-6. At the plea hearing, the trial court ascertained the factual basis for the charges to which Appellant was pleading guilty and explained to Appellant the nature and sentencing ranges of those charges and what facts the Commonwealth would have to prove. *Id.* at 5-8. Appellant confirmed that he understood and that he wanted to plead guilty because he was guilty. *Id.* at 8-9. The written plea colloquy signed by Appellant explained his right to a jury trial, the presumption of innocence, the sentencing ranges for the charges against him, and the trial court's power to deviate from any recommended sentence, and the trial court confirmed at the hearing that Appellant understood this information. Guilty Plea Petition ¶¶4-8; N.T. Guilty Plea and Sentencing at 6. In addition, Appellant agreed in the written plea colloquy that he understood that by pleading guilty, he was giving up all rights to challenge the trial court's denial of his motion to suppress. Guilty Plea Petition ¶¶18-19. Appellant unequivocally stated at the plea

hearing that he was satisfied with his counsel's representation. N.T. Guilty Plea and Sentencing at 9.

The only deficiency that Appellant asserts with respect to his guilty plea is a claim that it was induced by an alleged threat that he would receive a 10-to-20-year sentence if he did not accept the Commonwealth's plea offer. Appellant's Brief at 8-9, 16-17. That contention cannot make Appellant's guilty plea involuntary or unknowing because it is contrary to his sworn representations when he entered the plea. At the plea hearing, Appellant specifically denied under oath that anyone had threatened him or that anyone had promised him anything other than the four-to-eight-year sentence that was part of the plea bargain. N.T. Guilty Plea and Sentencing at 5, 9. A defendant is bound by the statements which he makes during his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea. *Jabbie*, 200 A.3d at 506; *Orlando*, 156 A.3d at 1281; *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002).

Because the record establishes that Appellant's guilty plea was voluntary and knowing, all of his PCRA claims are without merit. The trial court therefore did not err in dismissing Appellant's PCRA petition without a hearing.

For the foregoing reasons, we conclude that Appellant's failure to file a Rule 1925(b) statement waived all issues in this appeal and that even if there were no waiver, the trial court did not err in dismissing Appellant's PCRA petition. Accordingly, we affirm the trial court.

J-S38038-21

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 04/11/2022

- 9 -