J-S38012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DANNY SILVA | : | |
| | : | |
| Appellant | : | No. 948 EDA 2021 |

Appeal from the PCRA Order Entered April 6, 2021
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s):  CP-51-CR-0008101-2009

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY SULLIVAN, J.:                    **FILED MAY 18, 2023**

Danny Silva ("Silva") appeals from the order dismissing his second petition for relief filed pursuant to the Post Conviction Relief Act.[1]  We affirm.

On June 21, 2010, Silva entered a negotiated guilty plea to murder of the third degree and possession of an instrument of crime in connection with the shooting death of Ayres Robinson.  At the plea hearing, the prosecutor summarized on the record the evidence supporting the charges, including a statement provided by Hector Lopez, an eyewitness to the shooting, who implicated Silva as the shooter.  On that same date, after Silva admitted to the shooting and apologized to Robinson's family for the murder, the trial court imposed the agreed-upon aggregate sentence of eighteen to thirty-six years

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

in prison. Silva did not file a post-sentence motion or appeal his judgment of sentence.

In 2015, Silva filed a *pro se* PCRA petition. The PCRA court appointed counsel who filed a "no-merit" letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court dismissed the petition as untimely filed. This Court affirmed the dismissal order. **See Commonwealth v. Silva**, 179 A3d 611 (Pa. Super. 2017) (unpublished memorandum).

On August 17, 2018, Silva filed the instant *pro se* PCRA petition, his second. He thereafter filed an amended *pro se* petition. In his *pro se* petition and amended *pro se* petition, Silva requested an evidentiary hearing and attached a handwritten note which was unsigned and undated. Silva claimed that the note was an affidavit from Lopez in which he purportedly claimed that his statement to police was coerced. The Commonwealth filed a letter brief advocating for the dismissal of the petition based on the inadequacy of the unsigned and undated affidavit, as well as the absence of a witness certification pursuant to 42 Pa.C.S.A. § 9545(d)(1). The PCRA court granted Silva sixty days to file a signed certification from Lopez. **See** Pa.R.Crim.P. 907 Notice, 7/23/19, at 2-3.[2] Silva filed a responsive letter to the PCRA court

---

[2] The PCRA court indicated that it sent a letter to Silva on February 1, 2019, and that Silva acknowledged his receipt of that letter in his February 13, 2019 correspondence to the court. **See** Pa.R.Crim.P. 907 Notice, 7/23/19, at 3. *(Footnote Continued Next Page)*

- 2 -

in which he acknowledged that the copy of the affidavit included in his filings was devoid of a date and signature, but claimed the copy was "incomplete" due to it being photocopied at the prison library. **See** Silva Letter to the PCRA Court, 2/13/19, at unnumbered 2. In that same letter, Silva enclosed certifications that he prepared regarding the anticipated testimony of Lopez and Dolores Rios (Silva's mother).[3] **Id**. Silva sent subsequent correspondence to the PCRA court in which he acknowledged that his witness certifications were required to include the address and date of birth for each witness, but stated that he was unable to obtain this information for Lopez. **See** Silva Letter to PCRA Court, 3/19/19, at 1 (stating, "I must concede that my efforts in obtaining . . . Lopez's address and date of birth is at a stand still [*sic*]"). The PCRA court then continued the case to permit Silva additional time in which to locate Lopez. However, despite several more continuances, Silva was unable to contact Lopez or ascertain his current address and date of birth. The PCRA court then directed the Commonwealth to provide

---

However, the PCRA court's February 1, 2019 correspondence to Silva is neither included in the certified record nor reflected on the docket, and our review of Silva's February 13, 2019 correspondence to the court does not reveal any acknowledgement of the court's February 1, 2019 correspondence. **See id**.; **see also** Silva Letter to PCRA Court, 2/13/19, at 1-2.

[3] In his certification for Ms. Rios, Silva claimed that Ms. Rios would testify that her sister, Nanas, was approached by an unidentified man who handed her a letter and told her to give it to Silva. Silva maintains that the letter given to his aunt is the affidavit of Lopez.

information they had on Lopez, but the Commonwealth was only able to provide an old address and an incorrect birthdate provided by Lopez. Ultimately, the PCRA court issued a notice of its intent to dismiss the petition without an evidentiary hearing pursuant to Rule 907. Silva did not respond to the notice. On April 6, 2021, the PCRA court entered an order dismissing the petition. Silva filed a timely counseled notice of appeal and a counseled court-ordered concise statement pursuant to Pa.R.A.P. 1925(b).[4]

Silva raises the following issues for our review:

1. Whether the PCRA Court erred in determining the timeliness exceptions to the PCRA statute were not satisfied?

2. Whether the PCRA Court erred in finding that the underlying issues were without merit?

Silva's Brief at 1-2 (numbering added).

Our standard of review of an order dismissing a PCRA petition is well-settled:

> We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the

_____

[4] We note with disapproval that the PCRA court did not author a Rule 1925(a) opinion or, in the alternative, specify in writing the place in the record where the reasons for its dismissal order may be found. *See* Pa.R.A.P. 1925(a).

- 4 -

petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

Any PCRA petition must be filed within one year of the date the judgment becomes final. *See* 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review. *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

In the instant matter, Silva did not appeal his judgment of sentence. Therefore, his judgment of sentence became final on July 21, 2010, upon the expiration of the time in which he could have filed a notice of appeal. *See* 42 Pa.C.S.A. § 9545(b)(3); *see also* Pa.R.A.P. 903 (providing that the notice of appeal must be filed within thirty days after the entry of the order from which the appeal is taken). Silva had until July 21, 2011, to file the instant PCRA petition, but did not do so until August 17, 2018. Thus, Silva's petition is facially untimely under the PCRA.

Pennsylvania courts may consider an untimely PCRA petition if the petitioner explicitly pleads and proves one of three exceptions set forth under section 9545(b)(1), which provides:

**(b) Time for filing petition.--**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). Any petition attempting to invoke one of these exceptions must "be filed within one year of the date the claim could have been presented." *Id*. § 9545(b)(2).

The PCRA requires that, where a petitioner requests an evidentiary hearing, "the petition shall include a certification signed by each intended witness stating the witness's name, address, date of birth and substance of testimony and shall include any documents material to that witness's testimony." 42 Pa.C.S.A. § 9545(d)(1)(i). Alternatively, "[i]f a petitioner is unable to obtain the signature of a witness under subparagraph (i), the petitioner shall include a certification, signed by the petitioner or counsel,

stating the witness's name, address, date of birth and substance of testimony." *Id*. § 9545(d)(1)(ii); *see also* Pa.R.Crim.P. 902(A)(15) (providing that "[t]he request for an evidentiary hearing shall include a signed certification as to each intended witness, stating the witness's name, address, and date of birth, and the substance of the witness's testimony"). However, "it is improper to affirm a PCRA court's decision on the sole basis of inadequate witness certifications where the PCRA court did not provide notice of the alleged defect." *Commonwealth v. Pander*, 100 A.3d 626, 642 (Pa. Super. 2014) (*en banc*). Thus, when a PCRA court is presented with a PCRA petition that is defective in form or content, the judge should notify the petitioner of the nature of the defects and provide an opportunity for the petitioner to amend the petition. *See* Pa.R.Crim.P. 905(B), *Comment*.

Here, Silva sought to invoke the "new fact" exception provided by section 9545(b)(1)(ii) to the PCRA's time bar.[5] Silva claims that he is innocent, but his attorney advised him to enter a guilty plea based on evidence

---

[5] In his brief, Silva also attempts to invoke the timeliness exception provided by section 9545(b)(1)(i). However, Silva did not invoke section 9545(b)(1)(i) in either his *pro se* PCRA petition or his amended *pro se* PCRA petition. Thus, as the exception provided by section 9545(b)(1)(i) was not raised before the PCRA court, Silva failed to preserve it for our review. *See* Pa.R.A.P. 302(a) (providing that issues not raised in the lower court are waived and may not be raised for the first time on appeal). The fact that Silva discussed 42 Pa.C.S.A. § 9543(a)(2)(i) in his *pro se* petition is of no moment, as that subsection pertains to eligibility for relief under the PCRA and does provide an exception to the PCRA's time bar.

fabricated by the prosecution team, including the police, which made it impossible for Silva to prevail at trial. Silva asserts that the statement provided by Lopez was perjured and that he "submitted an affidavit stating that police smacked him around, intimidated him and forced him to sign a statement indicating he observed . . . Silva shoot . . . Robinson." Silva's Brief at 12. Silva claims that his guilty plea was not knowing, intelligent, or voluntary, and that he would not have pleaded guilty but for the perjured statements obtained by police.[6] Silva argues that "the statement of . . . Lopez that he was coerced to give the statement, is **Brady** material . . .."[7] **Id**. at 15. Silva argues that "[t]he facts could not have been ascertained until . . . Lopez came forward and told his story." **Id**. Silva asserts that he "came forward promptly with an affidavit from . . . Lopez." **Id**.[8]

_____

[6] Notably, a defendant is bound by the statements he makes during his plea colloquy. **See Commonwealth v. Jabbie**, 200 A.3d 500, 506 (Pa. Super. 2018). Thus, Silva is bound by the representations he made to the trial court that he committed the murder, that the statements provided by the Commonwealth witnesses were accurate, and that his guilty plea was entered voluntarily, knowingly, and intelligently. **See** N.T., 6/21/10, at 5-26.

[7] **Brady v. Maryland**, 373 U.S. 83 (1963). To establish a **Brady** violation, an appellant must demonstrate: (1) the prosecution concealed evidence; (2) the evidence was either exculpatory or impeachment evidence favorable to him; and (3) he was prejudiced. **See Commonwealth v. Treiber**, 121 A.3d 435, 460-61 (Pa. 2015).

[8] Silva devotes a significant portion of his argument to a claim of PCRA court error in relation to another Commonwealth witness, Fabion Pabon. Notably, in his first PCRA petition, Silva claimed that the affidavit of Pabon constituted newly discovered evidence which satisfied the PCRA's timeliness exception set
_(Footnote Continued Next Page)_

In its Rule 907 notice, the PCRA court explained the reasons for its dismissal order as follows:

> [Silva] asserts a number of claims, all of which center around the assertion that . . . Lopez, a Commonwealth witness . . ., now recants his prior statement to police and indicates that he was physically intimidated by police and forced to tell them that he saw [Silva] shoot the victim. [Silva] provided an unsigned statement that he purports was written and provided by . . . Lopez. However, despite having been provided months upon months to locate [Lopez], including some assistance from the Commonwealth, [Silva] has been unable to provide the court with a viable address or signed statement from . . . Lopez. The court is, therefore, constrained to evaluate [Silva's] petition without what [Silva] claims to be . . . Lopez's statement. Without . . . Lopez's alleged statement, [Silva] provides no facts to support his bald claim that the Commonwealth withheld evidence. As [Silva] provides no viable exception to the timeliness requirement of the PCRA, this court lacks jurisdiction to hear his petition.

Pa.R.Crim.P. 907 Notice, 7/23/19, at 4-5 (footnote and unnecessary capitalization and omitted).

Viewing the record in the light most favorable to the Commonwealth, as the prevailing party below, we conclude that the PCRA court's determination

---

forth at section 9545(b)(1)(ii). **See Silva**, 179 A3d 611 (unpublished memorandum at *2-*3). Therein, Silva argued that that the PCRA court erred by dismissing his first PCRA petition without conducting an evidentiary hearing to assess the credibility and significance of Pabon's recantation of his statement to police. **Id**. (unpublished memorandum at *3). This Court affirmed the PCRA court's determination that Silva failed to establish the new fact exception provided by section 9545(b)(1)(ii). **Id**. As the question of the credibility and significance of Pabon's recantation of his statement to police was previously raised in Silva's fist PCRA, the allegation of PCRA error in relation thereto has been previously litigated or waived. **See** 42 Pa.C.S.A. § 9543(a)(3); **see also** 42 Pa.C.S.A. § 9544(a), (b).

is supported by the record. Silva bore the burden of pleading and proving the timeliness exception set forth in section 9545(b)(1)(ii). In attempting to satisfy that burden, Silva provided the PCRA court with a handwritten note which bore no date and no signature. Despite Silva's representation that the date and signature were omitted from the copy provided to the PCRA court due to the prison library photocopier, Silva did not subsequently provide the court with a complete copy of the affidavit purportedly dated and signed by Lopez. Indeed, although Silva represented that he had provided the court with a complete copy, he merely provided another undated and unsigned version of the handwritten note. **See** Silva Letter to the PCRA Court, 2/13/19, at unnumbered 2. Thus, the only "new fact" provided by Silva to satisfy his evidentiary burden under section 9545(b)(1)(ii) was an unsubstantiated and unsupported allegation. **See Commonwealth v. Marshall**, 947 A.2d 714, 721 (Pa. 2008) (holding that a petitioner does not meet his burden of proving the time-bar exception where he offers only general allegations, unsupported by evidence); **see also Commonwealth v. Yarris**, 731 A.2d 581, 588 (Pa. 1999) (holding that "vague and unsupported" allegations are inadequate to establish the PCRA's time-bar exception).

Moreover, after receiving notice that his witness certifications were inadequate, Silva failed to provide the PCRA court with Lopez's current address

and date of birth, despite numerous continuances.[9]  As Silva was unable to locate or contact Lopez and was unable to produce him as a witness at an evidentiary hearing, the record supports the PCRA court's determination that Silva failed to plead and prove the new fact exception to the PCRA's time bar. Accordingly, we affirm the PCRA court's dismissal order.

Order affirmed.

Judge Kunselman joins this decision.

Judge Murray concurs in the result.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *5/18/2023*

_____

[9] While we are mindful that it is improper to affirm a PCRA court's decision on the sole basis of inadequate witness certifications where the PCRA court did not provide notice of the alleged defect, *see Pander*, 100 A.3d at 642, Silva was on notice of the alleged defects in his witness certifications, the PCRA court gave him ample opportunity to cure the defects, and, in any event, the PCRA court did not dismiss Silva's petition on the sole basis of an inadequate witness certification.  Instead, the court dismissed the petition on the basis that Silva provided no evidence to support his bald claim that the Commonwealth withheld evidence.  *See* Pa.R.Crim.P. 907 Notice, 7/23/19, at 5.