J-S24036-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DAVID LOUIS O'DONNELL | : | |
| | : | |
| Appellant | : | No. 1727 MDA 2022 |

Appeal from the Judgment of Sentence Entered November 23, 2022
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0000806-2022

BEFORE:   BENDER, P.J.E., LAZARUS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:      **FILED: AUGUST 22, 2023**

Appellant David Louis O'Donnell appeals from the judgment of sentence entered by the Court of Common Pleas of Berks County after Appellant pled guilty to burglary and strangulation.[1] Appellant challenges the trial court's decision to allow him to enter a plea and argues that his guilty plea was involuntary due to the ineffectiveness of his plea counsel. We affirm.

On November 23, 2022, Appellant entered a negotiated guilty plea to the burglary and strangulation charges. On the same day, the trial court sentenced Appellant consistent with his plea agreement to two concurrent terms of three to ten years' imprisonment. Appellant signed a written acknowledgment that he had received notice of his post-sentence and appellate rights.

---

[*] Former Justice specially assigned to the Superior Court.
[1] 18 Pa.C.S.A. §§ 3502(a)(1)(i), 2718(a)(1), respectively.

On December 2, 2022, Appellant filed a *pro se* notice of appeal while represented by counsel. In the notice of appeal, which was dated November 27, 2022, Appellant indicated that he would "like to assert his right of post-sentence motion" but requested that "higher courts" reconsider Appellant's sentence, review the validity and legality of his sentence, and evaluate whether he had been denied the effective assistance of counsel. Appellant did not serve plea counsel with the notice of appeal.

On December 20, 2022, the trial court forwarded Appellant's notice of appeal to this Court. There is no indication in the record that the trial court clerk of courts sent plea counsel a copy of the notice of appeal. On December 27, 2022, this Court docketed Appellant's notice of appeal.

On January 3, 2023, Appellant's plea counsel, Kimm Montone, Esq., filed a motion for appointment of counsel outside the Public Defender's office, as Appellant had alleged in the notice of appeal that plea counsel's representation was ineffective. On January 6, 2023, the trial court permitted Atty. Montone to withdraw and appointed Douglas Whitman, Esq. to serve as appellate counsel. Thereafter, Atty. Whitman complied with the trial court's direction to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

Appellant raises the following issues for our review on appeal:

> 1. Whether the Guilty Plea Court erred in accepting Appellant's plea of guilty where Appellant indicated that "… I'm still not remembering everything, I still have to accept this happened[,]" suggesting that he accepted

responsibility for his acts but that he didn't actually remember them?

2. Whether Guilty Plea Counsel was ineffective for responding to Appellant's lack of memory by asserting the "clarification" that Appellant admits his guilt instead of either consulting with Appellant or by clarifying the matter on the record by eliciting the necessary clarification from his client?

Appellant's Brief, at 4.

Appellant first claims the trial court erred in accepting Appellant's guilty plea as voluntarily, intelligently, and knowingly made when Appellant made remarks on the record that suggesting he was taking responsibility for his actions but did not remember committing the crimes at issue.

As a general rule, "upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]" ***Commonwealth v. Jabbie***, 200 A.3d 500, 505 (Pa.Super. 2018) (quoting ***Commonwealth v. Eisenberg***, 98 A.3d 1268, 1275 (Pa. 2014)).

In addition, to preserve a challenge to a guilty plea, an appellant must either "object at the sentence colloquy or otherwise raise the issue at the sentencing hearing or through a post-sentence motion." ***Commonwealth v. Monjaras-Amaya***, 163 A.3d 466, 468–69 (Pa.Super. 2017) (citations omitted). "[A] request to withdraw a guilty plea on the grounds that it was involuntary is one of the claims that must be raised by motion in the trial court in order to be reviewed on direct appeal." ***Jabbie***, 200 A.3d at 506. ***See also***

Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal").

As noted above, neither Appellant nor plea counsel filed a post-sentence motion. Instead, Appellant filed a *pro se* document entitled "notice of appeal" in which he asked this Court to reconsider his sentence and to evaluate "the validity and legality of his sentence" as well as a claim of the ineffectiveness of counsel. Notice of appeal, 12/2/22, at 1.

This Court will not allow a defendant to file a *pro se* motion while he or she is represented by counsel as hybrid representation is not permitted; such motions are deemed to be legal nullities. **Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa.Super. 2016) (citation omitted). However, this Court is required to docket a *pro se* notice of appeal despite the appellant being represented by counsel as the notice of appeal protects the constitutional right to appeal. **Id**.

As such, to the extent that Appellant was attempting to file a post-sentence motion while represented by counsel, such a filing was a legal nullity. The trial court correctly docketed the filing as a notice of appeal and properly forwarded it to this Court.

As a result, Appellant failed to raise his claim that his plea was not knowing, intelligent, or voluntary before the trial court at sentencing or in a post-sentence motion. Thus, this issue is waived on direct appeal.

Appellant also claims that plea counsel was ineffective in two respects. First, Appellant claims that plea counsel failed to consult with Appellant during

the plea hearing when Appellant accepted responsibility for his actions in committing burglarizing the victim's home and strangling the victim, but claimed he did not remember taking these actions. Second, Appellant claims that plea counsel abandoned him by failing to file a timely post-sentence motion or seek to file a post-sentence motion *nunc pro tunc*.

Generally, claims of ineffectiveness of counsel are deferred to collateral review in a PCRA petition, and should not be reviewed on direct appeal. ***Commonwealth v. Holmes***, 79 A.3d 562, 576 (Pa. 2013). However, our Supreme Court has recognized three exceptions to this rule requiring ineffectiveness claims to be deferred to collateral review:

> The first exception ... affords trial courts discretion to entertain ineffectiveness claims in extraordinary circumstances where a discrete claim of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice. The second exception ... gives trial courts discretion to address ineffectiveness claims on post-sentence motions and direct appeal if there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence.

***Commonwealth v. Delgros***, 183 A.3d 352, 360 (Pa. 2018) (citing ***Holmes***, 79 A.3d at 563-64). The third exception permits "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." ***Delgros***, 183 A.3d at 361.

The second exception to allow review of ineffectiveness claims on direct appeal is not applicable in this case as there is no indication in the record that Appellant waived his right to PCRA review. Likewise, the third exception is

not applicable as Appellant is not statutorily precluded from obtaining PCRA review. Instead, Appellant solely claims that this Court should review his ineffectiveness claims as he believes they are apparent from the record.

Appellant suggests that the ineffectiveness of plea counsel was clear as plea counsel failed to consult with Appellant during the plea hearing. As noted above, Appellant agreed to take responsibility for the crimes at issue but admitted that he did not remember committing the crimes. The record does not contain counsel's explanation for his actions or inactions during the plea hearing. As such, the record is deficient for this Court to review Appellant's claim on direct appeal.

In the same manner, Appellant's claim of ineffectiveness based on plea counsel's failure to file a post-sentence motion is not apparent from the record. There is no evidence in the record that Appellant asked his plea counsel to file a post-sentence motion on his behalf. Further, while Appellant claims that plea counsel should have filed a post-sentence motion after learning that Appellant had filed a *pro se* notice of appeal, it is also unclear when plea counsel became aware that Appellant had filed his *pro se* notice of appeal as Appellant did not serve plea counsel with his notice of appeal. There is no indication in the record that the trial court forwarded the *pro se* notice of appeal to counsel for his review.

Therefore, as Appellant has not shown that he is entitled to review of his claims of ineffectiveness of counsel on direct appeal, such claims must be deferred to collateral review in a PCRA petition.

For the foregoing reasons, we affirm the judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 08/22/2023