J-S20038-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                    :           PENNSYLVANIA
                                    :
          v.                       :
                                    :
                                    :
MARK J. ANDERSON               :
                                    :
          Appellant             :    No. 1902 EDA 2022

Appeal from the PCRA Order Entered July 19, 2022
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0002437-2020

BEFORE:    DUBOW, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.:            **FILED AUGUST 28, 2023**

Appellant, Mark J. Anderson, appeals, *pro se*, from the order of the Court

of Common Pleas of Monroe County (trial court) that denied his first petition

filed under the Post Conviction Relief Act (PCRA).[1] After careful review, we

affirm.

Appellant was charged with retail theft, terroristic threats, criminal

mischief, public drunkenness, three counts of reckless endangerment, and

three counts of simple assault[2] following an incident on November 9, 2020, in

which he stole $625 in merchandise from a North Face store in Pocono

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

[2] 18 Pa.C.S. §§ 3929(a)(1), 2706(a)(3), 3304(a)(5), 5505, 2705, and
2701(a)(1), respectively.

Township, Pennsylvania and threatened and hit store employees when they tried to stop him. Criminal Information; Criminal Complaint. On April 28, 2021, Appellant pled guilty to retail theft, one count of reckless endangerment, and one count of simple assault pursuant to a plea agreement in which the Commonwealth agreed to dismiss all of the other charges, but did not agree to the sentence that would be imposed or agree to any sentencing recommendation. N.T. Guilty Plea at 3-13; Guilty Plea Order; Written Guilty Plea Agreement and Colloquy. On July 6, 2021, the trial court sentenced Appellant to consecutive terms of one to two years' incarceration for reckless endangerment, nine months to three years' incarceration for retail theft, and one to two years' incarceration for simple assault, resulting in an aggregate sentence of two years and nine months to seven years' incarceration, and the Commonwealth dismissed all of the remaining charges against Appellant. N.T. Sentencing at 7-8; Sentencing Order. Appellant did not file a direct appeal from his judgment of sentence.

On December 3, 2021, Appellant filed the instant timely *pro se* first PCRA petition, in which he asserted, *inter alia*, that his guilty plea was not valid and that his trial counsel was ineffective with respect to the plea. The trial court appointed PCRA counsel, who on March 7, 2022 filed a motion to withdraw and a no-merit letter. On March 31, 2022, the trial court entered an order granting PCRA counsel's motion to withdraw and gave Appellant notice pursuant to Pa.R.Crim.P. 907 of intent to dismiss the PCRA petition on

the ground that the claims that it asserted facially lacked merit. Trial Court Order, 3/31/22. Appellant timely filed a *pro se* objection to the Rule 907 notice requesting a hearing, and the trial court in response scheduled a hearing on July 14, 2022 at which it afforded Appellant an opportunity to respond to the notice of intent to dismiss. Trial Court Order, 4/18/22.

At the July 14, 2022, hearing, Appellant stated that his PCRA claim was that his guilty plea was not valid because he agreed only to plead guilty to lesser charges. N.T. PCRA Hearing at 14. Appellant testified that he did not sign the written plea agreement and colloquy that set forth that he was pleading guilty to retail theft, one count of reckless endangerment, and one count of simple assault and the possible sentence for those offenses and testified that he had only signed a blank form to which those terms were later added. *Id.* at 16-21, 24. Appellant admitted, however, that he was told the offenses to which he was pleading guilty at the guilty plea hearing and agreed at the plea hearing to plead guilty to those offenses. *Id.* at 18-22. Appellant also admitted that he received the full written plea agreement and colloquy before his sentencing hearing. *Id.* at 18, 21.

At the close of the hearing, the trial court found that Appellant's testimony that the plea agreement was blank when he signed it was not credible and that Appellant's guilty plea was voluntary and knowing. N.T. PCRA Hearing at 25-28. The trial court accordingly issued an order, entered

July 19, 2022, denying Appellant's PCRA petition. *Id.* at 27-28; Trial Court Order, 7/19/22. This timely appeal followed.

Our review of an order denying a PCRA petition is limited to determining whether the record supports the PCRA court's findings and whether its decision is free of legal error. *Commonwealth v. Mason*, 130 A.3d 601, 617 (Pa. 2015); *Commonwealth v. Johnson*, 236 A.3d 63, 68 (Pa. Super. 2020) (*en banc*); *Commonwealth v. Orlando*, 156 A.3d 1274, 1280 (Pa. Super. 2017). We must view the findings of the PCRA court and the evidence of record in a light most favorable to the prevailing party. *Mason*, 130 A.3d at 617; *Commonwealth v. Mojica*, 242 A.3d 949, 953 (Pa. Super. 2020); *Johnson*, 236 A.3d at 68. The PCRA court's credibility determinations, if supported by the record, are binding on this Court. *Mason*, 130 A.3d at 617; *Mojica*, 242 A.3d at 956; *Orlando*, 156 A.3d at 1280.

Appellant argues in this appeal that the trial court erred in denying his PCRA petition because trial counsel was allegedly ineffective with respect to his guilty plea.[3] Ineffective assistance of counsel with respect to a guilty plea

---

[3] Appellant's brief, in violation of Rules 2111(a)(4) and 2116 of the Pennsylvania Rules of Appellate Procedure, does not contain a statement of questions involved. His brief, however, in its summary of argument and argument sections clearly identifies this as the issue that he is raising in this appeal, and the failure to comply with Rules 2111(a)(4) and 2116 has not impeded our review or the Commonwealth's ability to respond. We therefore will not quash the appeal for failure to comply with the Rules of Appellate Procedure and we address Appellant's issue on the merits. *Werner v. Werner*, 149 A.3d 338, 341 (Pa. Super. 2016).

- 4 -

can be a basis for PCRA relief only if the ineffectiveness caused the defendant to enter an involuntary or unknowing plea. *Orlando*, 156 A.3d at 1281; *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012); *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa. Super. 2003).

To establish that a guilty plea is voluntary and knowing, the trial court must conduct a colloquy that shows the factual basis for the plea and that the defendant understands the nature of the charges to which he is pleading guilty, his right to a jury trial, the presumption of innocence, the permissible sentencing range for the charges, and the court's power to reject terms of a plea agreement. *Commonwealth v. Jabbie*, 200 A.3d 500, 506 (Pa. Super. 2018); *Commonwealth v. Reid*, 117 A.3d 777, 782 (Pa. Super. 2015); *Commonwealth v. Morrison*, 878 A.2d 102, 107 (Pa. Super. 2005) (*en banc*); Comment to Pa.R.Crim.P. 590. These matters may also be shown by a written plea colloquy read and signed by the defendant that is made part of the record and supplemented by an oral, on-the-record examination. *Reid*, 117 A.3d at 782; *Morrison*, 878 A.2d at 108-09; Comment to Pa.R.Crim.P. 590. A defendant is bound by the statements which he makes in his plea colloquy and cannot assert challenges to his plea that contradict his statements when he entered the plea. *Jabbie*, 200 A.3d at 506; *Orlando*, 156 A.3d at 1281; *Commonwealth v. Muhammad*, 794 A.2d 378, 384 (Pa. Super. 2002).

Here, the record supports the trial court's conclusion that Appellant's guilty plea was voluntary and knowing. The transcript of Appellant's plea hearing shows that the trial court made clear that Appellant was pleading guilty to retail theft, one count of reckless endangerment, and one count of simple assault and that there was no agreement as to his sentence, that the trial court advised Appellant correctly of the maximum sentences that he could receive for each of these offenses and that he could be receive an aggregate sentence of up to nine years' incarceration, and that Appellant confirmed that understood the charges to which he was pleading, the penalties he faced, and the absence of any agreement as to his sentence. N.T. Guilty Plea at 4-5, 9-10. At the plea hearing, the trial court set forth the factual basis for each of the offenses to which Appellant was pleading guilty, Appellant admitted that he committed those acts, and Appellant confirmed that he wished to plead guilty to those offenses and that he was doing so voluntarily. *Id.* at 4, 8-9, 11-12.

In addition, Appellant confirmed at the plea hearing that he signed a written plea colloquy and that he went over that written plea colloquy with counsel and understood it. N.T. Guilty Plea at 3-4. The written plea agreement and colloquy fully advised him of the terms of his plea and the rights that he was giving up. The plea agreement and colloquy clearly stated that Appellant was pleading guilty to retail theft, reckless endangerment, and simple assault and set forth the factual basis for Appellant's guilty plea, the

nature of the charges to which he was pleading guilty, the permissible sentencing range, and the fact that there was no agreement as to sentence or sentencing recommendations. Written Guilty Plea Agreement and Colloquy ¶¶1-7. The plea agreement and colloquy also explained Appellant's right to a jury trial, the presumption of innocence, and the court's power to reject the plea agreement. *Id.* ¶¶8, 13. Appellant further confirmed in the plea agreement and colloquy that he was mentally competent, had conferred with his attorney concerning the plea, and was satisfied with his attorney. *Id.* ¶¶10, 12.

Although Appellant testified that he signed a blank document that did not contain this information, the trial court found that this testimony was not credible. N.T. PCRA Hearing at 25-27. That credibility determination is amply supported by the record. Appellant admitted at the PCRA hearing that a colloquy was conducted at the plea hearing that confirmed he knew that he was pleading guilty to retail theft, one count of reckless endangerment, and one count of simple assault. *Id.* at 18-22. Moreover, Appellant's claim that he signed a blank document is contradicted by the transcript of the plea hearing. Not only did Appellant admit at the plea hearing that he went over the plea document that he signed with counsel, but counsel specifically discussed at the plea hearing a change to one portion of the document, Appellant's prior record score, and Appellant confirmed that he had discussed

that change with trial counsel and, knowing that change, still wished to plead guilty. N.T. Guilty Plea at 3-4, 10-11.

Appellant also asserted at the PCRA hearing that that he sought to withdraw his guilty plea at his sentencing before sentence was imposed. N.T. PCRA Hearing at 18. To the extent that Appellant contends that he is entitled to relief based on that claim, Appellant's Brief at 7, that argument likewise fails. The transcript of Appellant's sentencing shows that Appellant made no request or attempt whatsoever to withdraw his guilty plea. N.T. Sentencing at 2-7. To the contrary, when the trial court asked if he would like to address the court and say anything before he was sentenced, Appellant stated only:

> Well, the situation that I was involved with, it was a bad situation on all parties. I have an ill mother that's 84 years old. I've been here for eight months now. I would like to address the Court and say that I'm very sorry for the situation. I wasn't in the right state of mind during that time. Most folks now generally, when I am focused, I do – that's all I could say, Your Honor.

*Id.* at 3.

Because the trial court's determination that Appellant's guilty plea was knowing and voluntary is supported by the record, Appellant's claim for PCRA relief fails. We therefore affirm the trial court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/28/2023